# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2014

Lyle W. Cayce
Clerk

No. 13-60274
Summary Calendar

KARIM H. AHMED,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 996 844

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Karim H. Ahmed, a native of Ethiopia and citizen of Eritrea, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the order of an Immigration Judge (IJ) denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The BIA upheld the IJ's adverse credibility determination and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the alternative conclusion that Ahmed failed to meet his burden of proving that he was eligible for relief.

Ahmed contests the adverse credibility determination. However, he gave inconsistent and incomplete statements regarding the identity of the persons who allegedly abused him and his family in Eritrea and offered inconsistent evidence regarding what police in Eritrea told his mother when she reported the abuse. His supporting evidence does not explain the discrepancies, and his claim that insufficient consideration was given to his youth at the time of the events is unavailing because the adverse credibility finding was based upon statements that he provided as an adult. Thus, in light of the totality of the circumstances, Ahmed has not shown that the evidence compels a finding that "no reasonable fact-finder could make such an adverse credibility ruling." *See Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted); *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

Ahmed also contests the alternative determination that he failed to meet his burden of proving that he was eligible for relief that he sought. However, he has not demonstrated that the record compels the conclusion that he was persecuted due to a protected ground. *See Zhu,* 493 F.3d at 594; *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006). Ahmed has not established that the alleged incidents of abuse involved the type of injury or harm that rises to the level of persecution, *see Abdel-Masieh v. INS*, 73 F.3d 579, 583 (5th Cir. 1996), or that the denial of educational opportunities supports a claim of persecution. *See Faddoul v. INS*, 37 F.3d 185, 189 (5th Cir. 1994). Even if the harm suffered was required to be assessed from his perspective as a child, he has not shown that a protected ground was at least one central reason for the alleged abuse. *See Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009).

Ahmed nonetheless asserts that his supporting evidence showed that he had a well-founded fear of future persecution and that he most likely would be

No. 13-60274

tortured upon his return to Eritrea.  He argues that the BIA did not consider all of his evidence and arguments and wrongly decided that he was not entitled to relief.  However, this claim is belied by the record, which reflects that the IJ and BIA meaningfully considered his arguments and the relevant substantial evidence in support of his claims.  *See Abdel-Masieh*, 73 F.3d at 585.  Ahmed therefore has not shown that he satisfied the standard to be eligible for asylum or the more onerous standard for withholding of removal.  *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Finally, Ahmed argues that the BIA's decision to deny protection under the CAT overrelied upon the adverse credibility finding.  Although the BIA concluded that the IJ's adverse credibility finding supported the denial of CAT relief, the BIA alternatively reasoned that Ahmed's claim for CAT relief failed on the merits.  Ahmed does not address this conclusion, and the record does not reflect that he faces a risk of harm in Eritrea that is tantamount to the exacting standard for relief under the CAT.  *See id.* at 907.

PETITION DENIED.