# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60892
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2016

Lyle W. Cayce
Clerk

KARIMBHAI NOORAJI DHUKA,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 941 628

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Karimbhai Nooraji Dhuka, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his challenge to an Immigration Judge's (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Dhuka asserts the IJ and BIA erred in determining he was not credible.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-60892

Credibility determinations "must be supported by specific and cogent reasons derived from the record". *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *see also Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). Because the BIA considered the IJ's adverse credibility determination, both the BIA and IJ decisions are reviewed. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). In that regard, "[w]e defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling". *Wang*, 569 F.3d at 538.

In this instance, the IJ and the BIA gave such "specific and cogent reasons" to support the adverse credibility determination. Although Dhuka attributed the inconsistencies in his testimony to his mental suffering and fear, and to advice received from detainees at the detention center, the absence of corroborating evidence in the record does not compel a different conclusion regarding Dhuka's lack of credibility. Furthermore, the decision to deny relief from removal was based upon a credibility decision; consequently, we need not address Dhuka's claims that he otherwise established eligibility for asylum, withholding of removal, and CAT relief. *See Chun v. I.N.S.*, 40 F.3d 76, 78–79 (5th Cir. 1994).

AFFIRMED.