# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60310
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2016

Lyle W. Cayce
Clerk

AMISH ALAUDIN KHADIWAL,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 941 298

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Amish Alaudin Khadiwal, a citizen and native of India, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ's) final order of removal denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Khadiwal argues that he timely filed his asylum application. He maintains that he established past persecution based

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upon political opinion and religion due to the evidence of his two encounters with, and one beating by, members of the Bharatiya Janata Party (BJP). He asserts that this gives rise to a presumption that he has a well-founded fear of future persecution. According to Khadiwal, his testimony and documentary evidence further established that he had an objective, well-founded, and reasonable fear of future persecution from BJP members and other Hindu nationalists.

When considering a petition for review, we have the authority to review only the BIA's decision, not the IJ's decision, unless the IJ's decision has some impact on the BIA's decision. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). In this case, we may review the IJ's ruling as well as the BIA's decision regarding whether Khadiwal had established past persecution or a well-founded fear of future persecution because the BIA affirmed the IJ's ruling in this respect. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). We, however, cannot consider Khadiwal's challenge to the IJ's alternative ruling that his asylum application was untimely because the BIA did not consider it. *See Yang v. Holder*, 664 F.3d 580, 584 n.3 (5th Cir. 2011).

We review questions of law de novo. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). "Factual findings are reviewed for substantial evidence, which requires only that the BIA's decisions be supported by record evidence and be substantially reasonable." *Id.* (internal quotation marks and citations omitted). Under the substantial evidence standard, "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted). Among the findings of fact that we review for substantial evidence is the conclusion that an alien is not eligible for asylum. *Id.*

No. 15-60310

According to Khadiwal's testimony, he was threatened by BJP members on one occasion and then threatened and beaten by BJP members on other occasion.  While Khadiwal received a CT scan following the attack, the results of the CT scan were normal.  The only medical treatments that Khadiwal required were a bandage to his nose and painkillers.  This evidence was insufficient to compel a reasonable factfinder to determine that Khadiwal had suffered past persecution.  *See Mikhael*, 115 F.3d at 304 & n.4.  Accordingly, Khadiwal's challenge to the BIA's determination that he did not suffer past persecution is without merit.  *See id.*

The BIA did not specifically rule that Khadiwal did not have a well-founded fear of future persecution; instead it ruled that Khadiwal could internally relocate within India to avoid future persecution.  An alien does not have a well-founded fear of persecution if he could avoid persecution by relocating to another part of his country "if under all the circumstances it would be reasonable to expect the applicant to do so."  *Eduard v. Ashcroft*, 379 F.3d 182, 194 (5th Cir. 2004) (internal quotation marks and citation omitted); *see* 8 C.F.R. § 1208.13(b)(3).  Where, as here, an applicant for asylum "does not show past persecution" and "does not demonstrate that a national government is the persecutor, the applicant bears the burden of showing that the persecution is not geographically limited in such a way that relocation within the applicant's country of origin would be unreasonable."  *Lopez-Gomez v. Ashcroft,* 263 F.3d 442, 445 (5th Cir. 2001); *see* 8 C.F.R. § 1208.13(b)(3)(i).

The BIA applied the correct legal standard, determining that internal relocation was reasonable for Khadiwal.  The evidence presented by Khadiwal showed that he internally relocated, first to Mumbai and then to Delhi, for a total of over two years, without being harmed or threatened.  While Khadiwal asserted that he faced no problems because he did not go outside often, he

acknowledged that he had no issues with BJP members while in Mumbai and Delhi. Given these facts, the BIA's determination that it was reasonable for Khadiwal to internally relocate to avoid persecution was supported by substantial evidence. *See Lopez-Gomez*, 263 F.3d at 446.

Khadiwal has not shown that the BIA's denial of his request for asylum was not supported by substantial evidence. Because Khadiwal cannot demonstrate that he is eligible for asylum, he also cannot show that he meets the higher standard for withholding of removal. *See Efe*, 293 F.3d at 906. He does not challenge the BIA's denial of his request for relief under the CAT.

PETITION FOR REVIEW DENIED.