# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60239
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2017

Lyle W. Cayce
Clerk

ARTEMIO JIMENEZ-CASTRO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 567 846

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.
PER CURIAM:*

Artemio Jimenez-Castro, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his application for withholding of removal and relief under the Convention Against Torture (CAT).  Jimenez-Castro argues the BIA erred in concluding that he was ineligible for relief.

Because the BIA agreed with the IJ's conclusions regarding Jimenez-Castro's eligibility for relief, both the BIA's and IJ's decisions are reviewable.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60239

*See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Under the substantial evidence standard, Jimenez-Castro must demonstrate that the evidence is so compelling that no reasonable factfinder could reach a conclusion contrary to that of the BIA.  *Id.* at 537.

Jimenez-Castro asserts that the evidence supports that he likely would be persecuted on account of his membership in particular social groups: his family, which previously was extorted by Los Zetas; or Mexican deportees from the United States who are targeted by Los Zetas due to their perceived wealth.  However, the evidence does not compel a finding that Jimenez-Castro has been persecuted, or has a well-founded fear of future harm, because he belonged to a particular social group.  *See Wang*, 569 F.3d at 537.  He has not demonstrated that either of his proposed particular social groups is cognizable.  *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).  Furthermore, even if his proposed groups were accepted, the record does not compel the conclusion that his membership in either group is a central reason that he was or would be targeted.  *See Wang*, 569 F.3d at 537; *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009).  Rather, the record supports that Los Zetas has a criminal motive and seeks illicit financial gain.  *See Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014).

Similarly, for purposes of relief under CAT, the evidence does not compel a finding that he more likely than not would be tortured if he were returned to Mexico.  *See Wang*, 569 F.3d at 537; 8 C.F.R. § 1208.16(c)(2).  Jimenez-Castro has not established that Los Zetas likely would commit abuse that constituted torture, that the Mexican government would acquiesce to the torture, or that he could not reside safely in some part of Mexico.  *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493-94 (5th Cir. 2015); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006); 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).  His subjective

belief that he or his family would be tortured by Los Zetas does not compel a conclusion different from that reached by the BIA. *See Wang*, 569 F.3d at 537.

The petition for review is DENIED.