# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2018

Lyle W. Cayce
Clerk

No. 17-60129
Summary Calendar

KATHERINE DANIELA ARIAS-NAVARRO; ASHLY DANIELA CANALES-ARIAS; ANGEL ANTHUAN CANALES-ARIAS,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 478 949
BIA No. A205 478 950
BIA No. A205 478 951

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Katherine Daniela Arias-Navarro, along with her two children, Ashly Daniela Canales-Arias and Angel Anthuan Canales-Arias, (collectively, "Petitioners") are natives and citizens of Honduras. They petition this court for review of an order of the Board of Immigration Appeals (BIA) that upheld

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the decision of an immigration judge (IJ) denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture.

Contending that their asylum applications were timely filed, Petitioners challenge the IJ's contrary determination. They did not, however, exhaust their administrative remedies by raising this issue before the BIA, so we lack jurisdiction to consider it. *See Rui Yang v. Holder,* 664 F.3d 580, 588 (5th Cir. 2011).

Petitioners also dispute the BIA's determination that they failed to demonstrate that they qualified for withholding of removal because they did not establish a clear probability that, if returned to Honduras, their life or freedom would be threatened on account of their membership in a particular social group, specifically, Honduras business owners who flee in fear because of threats of extortion or rent payments from gangs. *See Dayo v. Holder*, 687 F.3d 653, 658 n.3 (5th Cir. 2012). We disagree: Substantial evidence supports the BIA's finding that the petitioners failed to establish that their membership in a protected social group was a central reason for their mistreatment. *See Shaikh v. Holder*, 588 F.3d 861, 863-64 (5th Cir. 2009).

Arias-Navarro testified that gang members demanded payment from her out of the proceeds of her business as it did from a great many other business owners. The record does not compel a conclusion that the gang members were motivated by a desire to punish her for possessing a particular characteristic rather than, as the BIA concluded, by their motivation to extort money and engage in criminal acts. *See Garcia v. Holder,* 756 F.3d 885, 890 (5th Cir. 2014); *Shaikh,* 588 F.3d at 864. To the extent that Petitioners contend that Arias-Navarro was also targeted by the gang when she witnessed a murder near her apartment, the evidence likewise does not compel a conclusion that Arias-Navarro's status as a business owner was a central reason for the gang's

No. 17-60129

actions; indeed, Arias-Navarro did not own her business at the time of the murder. *See Garcia,* 756 F.3d at 890; *Shaikh*, 588 F.3d at 864.

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.