# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2018

Lyle W. Cayce
Clerk

No. 17-60372
Summary Calendar

QUELLIN GABRIELA ESCOBAR-BUSTILLO; RANFIS JAFEHT MOLINA-ESCOBAR; IAN DAVID MOLINA-ESCOBAR,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 882 098
BIA No. A206 882 099
BIA No. A206 882 100

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Quellin Gabriela Escobar-Bustillo and her two minor sons, Ranfis Jafeht Molina-Escobar and Ian David Molina-Escobar, are natives and citizens of Honduras. Escobar-Bustillo is the lead respondent in this case and her application applies to the derivative beneficiaries, her sons, who did not file

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60372

separate applications. Escobar-Bustillo and her sons conceded removability. Escobar-Bustillo filed applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

The Immigration Judge (IJ) concluded that Escobar-Bustillo failed to meet the burden of proof for asylum. The IJ found that she had not shown past persecution or a well-founded fear of future persecution based on membership in a particular social group. The IJ granted relief under the CAT. The Board of Immigration Appeals (BIA) dismissed Escobar-Bustillo's appeal, concluding that she had not demonstrated an entitlement to relief. We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). We review questions of law de novo and factual findings for substantial evidence. *Id.*

Escobar-Bustillo argues that the BIA clearly erred by finding that she was not eligible for asylum, because she had not established that she was a member of a particular cognizable social group. In considering whether a particular social group exists, the BIA considers "(1) whether the group's shared characteristic gives the members the requisite social visibility to make them readily identifiable in society and (2) whether the group can be defined with sufficient particularity to delimit its membership." *Orellana-Monson v. Holder*, 685 F.3d 511, 519 (5th Cir. 2012) (internal quotation marks, citation, and emphasis omitted). Substantial evidence supports the determination that Escobar-Bustillo did not establish that she was eligible for asylum and could not meet the higher burden of showing eligibility for withholding of removal.

PETITION FOR REVIEW DENIED.