# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2009

Charles R. Fulbruge III
Clerk

No. 09-60237
Summary Calendar

ABBAS SHAIKH,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition For Review of an Order of the
Board of Immigration Appeals
A96 044 431

Before GARZA, CLEMENT and OWEN, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Petitioner Abbas Shaikh ("Shaikh") petitions this court for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") decision denying his petition for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3)(A). Because we find the BIA's decision supported by substantial evidence, we DENY the petition.

Shaikh is a citizen of India and an Ismaili Muslim. He was admitted to the Untied States in November 2000 with non-immigrant visitor authorization for a temporary period. He stayed beyond the authorized period. In 2005, he was issued a notice to appear. He did so and at his hearing in 2007, he conceded

removability but sought withholding of removal on the grounds of religious persecution. Shaikh claims that Shiv Sena, a Hindu nationalist organization, persecuted him in the past based on his status as an Ismaili Muslim and that he fears persecution if returned to India. Shaikh testified that he lived and worked in a largely Hindu area, that the Shiv Sena demanded that he pay them to fund Hindu festivals and religious activities, that when he refused to pay he was beaten, and that his life was threatened. Shaikh also claims that Shiv Sena has made inquiries as to his whereabouts since he left India.

The IJ denied his request for withholding of removal. Shaikh appealed to the BIA, which found that the IJ had correctly determined that Shaikh failed to show that any harm he experienced "was on account of his religion." Noting that the REAL ID Act governed Shaikh's petition, the BIA went on to find that Shaikh did not establish that his religion was "one central reason" for the harm and that he failed to show that he will more likely than not face future persecution on account of his religion.

We review the BIA's decision and only consider the IJ's decision to the extent that it influenced the BIA. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). Questions of law are reviewed de novo. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). We afford considerable "deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect." *Mikhael*, 115 F.3d at 302. Factual findings are reviewed for substantial evidence, *id.*, which "requires only that the BIA's decisions be supported by record evidence and be substantially reasonable," *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002).

Under 8 U.S.C. § 1231(b)(3)(A), withholding of removal is a mandatory form of relief if an alien's life or freedom would be threatened in the country of removal because of the alien's race, religion, nationality, membership in a particular social group, or political opinion. Before the passage of the REAL ID

Act, an alien had only to demonstrate that "one of the persecutor's motives [fell] within a statutorily protected ground." *Girma v. INS*, 283 F.3d 664, 667 (5th Cir. 2002). Relief was available on a showing that persecution was "motivated at least in part by a protected ground." *See id.* But under the REAL ID Act, an alien must "establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least *one central reason for persecuting* the applicant." 8 U.S.C. § 1158(b)(1)(A) (emphasis added); *see also Matter of J-B-N- & S-M-,* 24 I. & N. Dec. 208, 212 (BIA 2007). The BIA's interpretation is that although a statutorily protected ground need not be the only reason for harm, it cannot be "incidental, tangential, superficial, or subordinate to another reason for harm." *Id.* at 214. Although we have not had occasion to consider this interpretation, a number of other circuits have accepted it. *See, e.g.*, *Quinteros-Mendoza v. Holder*, 556 F.3d 159, 164 (4th Cir. 2009); *Singh v. Mukasey*, 543 F.3d 1, 5 (1st Cir. 2008); *Parussimova v. Mukasey*, 533 F.3d 1128, 1134 (9th Cir. 2008), *amended and superseded on denial of reh'g by* 555 F.3d 734 (9th Cir. 2009). We join our sister circuits in accepting this interpretation.

Here, the IJ found that Shaikh had not shown that any past persecution he suffered was on the basis of religion or any other protected ground. Although Shaikh testified that he is Muslim and Shiv Sena was demanding money for Hindu festivals and then threatening him when he did not pay, he also testified that Shiv Sena demanded money from *all* business people in his neighborhood, Muslim and Hindu alike. Furthermore, he testified that Shiv Sena was violent toward anyone who refused to pay regardless of their religious affiliation. Based on this testimony, the IJ found that any past incidents were business extortion rather than religious-based persecution. The BIA agreed and found that on these facts, religion was not "one central reason" for any past harm.

Based on a review of the record, the BIA's determination that Shaikh was not persecuted on account of a protected ground is supported by substantial evidence.  Accordingly, the petition is DENIED.