# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 12-60557
Summary Calendar

May 15, 2013

Lyle W. Cayce
Clerk

LUIS TORRES-CORONADO,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A041 842 465

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Luis Torres-Coronado, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA concluded, relevant to the instant petition, that Torres-Coronado had failed to show that any protected ground would be "one central reason" for any future persecution. It also concluded that Torres-Coronado had not shown that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he would "more likely than not" be tortured with the consent or acquiescence of public officials.

We review the order of the BIA and will consider the underlying decision of the IJ only if it influenced the BIA's decision. *Zhu v. Gonzales,* 493 F.3d 588, 593 (5th Cir. 2007). Findings of fact are reviewed for substantial evidence and will not be reversed unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *See Wang v. Holder,* 569 F.3d 531, 536-37 (5th Cir. 2009). Among the findings that we review for substantial evidence are factual conclusions that an alien is not eligible for asylum, withholding of removal, or relief under the CAT. *Zhang v. Gonzales,* 432 F.3d 339, 344 (5th Cir. 2005).

To obtain asylum, an alien must qualify as a refugee, which is defined as a person "who is outside of his country and is unable or unwilling to return because of persecution or a well-founded fear of persecution" and "who has demonstrated that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for the persecution." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citations omitted). We conclude that the evidence does not compel a finding that any protected ground would be one central reason for future persecution by Los Zetas. *See Zhang*, 432 F.3d at 344. According to Torres-Coronado's testimony, the Zetas are a criminal group motivated by a desire for money. Actions based on a desire for money do not amount to persecution based on a protected category. *See Shaikh v. Holder,* 588 F.3d 861, 864 (5th Cir. 2009). To the extent Torres-Coronado argues that he would be persecuted for his refusal to join the Zetas, or for his refusal to cooperate because of his religious beliefs and support for the rule of law, he has not shown that these beliefs would be one central reason that the Zetas would seek to harm him.

An alien seeking relief under the CAT must show that it is more likely than not that he would be tortured upon return to his home country. *Zhang,* 432

F.3d at 344-45. Torture is defined as "any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

As an initial matter, we find that the BIA reviewed Torres-Coronado's claim under the proper "more likely than not" standard. We also find that the BIA properly reviewed his claim for "willful blindness" to torture by Mexican officials. *See Hakim v. Holder,* 628 F.3d 151, 155-57. Turning to the merits of his claim, Torres-Coronado asserts that, if he is returned to Mexico, he will be subject to torture by Los Zetas or other criminal organizations and that Mexican authorities will be aware of this but do nothing to stop it. We conclude that the evidence does not compel a finding that Mexican officials will acquiesce to or be willingly blind to any acts of torture. The fact that officials try, but are unsuccessful, in their efforts to apprehend criminal gangs does not satisfy this standard. *See Tamara-Gomez v. Gonzales,* 447 F.3d 343, 351 (5th Cir. 2006); *see also Chen v. Gonzales,* 470 F.3d 1131, 1142-43 (5th Cir. 2006).

Therefore, his petition for review is DENIED.