# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60189

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2014

Lyle W. Cayce
Clerk

NAVIN K.C.,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 087  344  082

Before JONES, SMITH and OWEN, Circuit Judges.

PER CURIAM:[*]

Navin K.C. ("K.C.") petitions for review of a decision of the Board of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60189

Immigration Appeals ("BIA") dismissing the appeal of the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The record reflects that the Young Communist League ("YCL"), an affiliate of the Communist Party of Nepal-Maoist ("CPN-M"), attempted to extort money from K.C. during 2007 using threats and violence. K.C. was abducted and beaten until he signed a document promising to pay the equivalent of about $6,500; he asserted that he has been persecuted for his political beliefs and fears that he will be persecuted again if he returns to Nepal.

Although we ordinarily review the BIA's decision only, we have considered the decision of the immigration judge ("IJ") because it was adopted and affirmed by the BIA. *See Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). We uphold factual findings if they are supported by substantial evidence. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013), that is, unless "the evidence is so compelling that no reasonable fact finder could fail to find the petitioner statutorily eligible for relief." *Id.* (citation and internal quotation marks omitted). We review legal conclusions *de novo*. *Id.*[1]

An alien may obtain asylum if he qualifies as a refugee. 8 U.S.C. § 1158(b)(1)(A), (B)(i). A refugee is a person who is outside his country and is unable or unwilling to return because of persecution or a well-founded fear of persecution on account of one of the statutory grounds for asylum, such as, in this case, political opinion. 8 U.S.C. § 1101(a)(42)(A). The alien bears the burden of establishing a nexus between the persecution and a statutory ground for asylum. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 349 (5th Cir. 2006).

---

[1] K.C. contends that the BIA's unpublished single-judge decision should be reviewed not under *Chevron USA, Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 842-45 (1984), but under *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). Because the BIA's decision did not involve the construction of an ambiguous statute, we do not reach that question.

K.C. must establish that his political opinion was or will be at least "one central reason" for his persecution. § 1158(b)(1)(B)(i). "[T]he protected ground cannot play a minor role in the alien's past mistreatment or fears of future mistreatment. That is, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm. Rather, it must be a central reason for persecuting the respondent." *Matter of J-B-N & S-M-,* 24 I. & N. Dec. 208, 214 (BIA 2007); *Shaikh*, 588 F.3d at 864 (accepting BIA's interpretation of § 1158(b)(1)(B)(i)).

K.C. contends that the YCL attempted to compel him to join its political party and that it warned him not to support any other parties. He asserts that the YCL was motivated to act against him because of his membership in and support of the Nepali Congress Party ("NCP"), which opposes the Maoists, and because he helped to found and was an officer of the International Peace Center ("IPC"), an organization that promoted peace in Nepal until it was disbanded in 2006 because of Maoist threats.

The IJ found that the threats K.C. received during his time with the IPC through 2006 did not rise to the level of persecution. Although the harm K.C. suffered at the hands of the YCL between April and October 2007 was severe enough to constitute persecution, he failed to demonstrate that his political opinion was or will be "one central reason" for his difficulties. Instead, the IJ concluded, K.C.'s testimony demonstrated that the YCL had "targeted [him] for financial gain." Because "[a]ny fear [he] has of future persecution is also tied to financial concerns," the IJ also concluded, K.C. "has no well-founded fear of future persecution." Because K.C. had failed to meet the lower burden of proof for asylum, he had also failed to satisfy the higher burden of proof for withholding of removal. The IJ concluded also that K.C. had failed to meet his burden of proof for protection under the CAT.

The BIA decided that the record supported the IJ's finding that K.C. was

targeted for money, not because of his political opinions. Because a "[r]efusal to pay money to a guerilla group upon their demand is not a protected ground," the BIA agreed, K.C. had not met his burden of proof for asylum. The BIA also agreed that K.C. had failed to carry his burden of proof for withholding of removal and protection under the CAT.

K.C. does not seriously dispute the IJ's finding that the threats he received from the YCL before 2007 did not rise to the level of persecution. Rather, he mentions them only in support of his contention that the YCL was aware of and targeted him during 2007 because of his political beliefs. He contends that the YCL's repeated requests for donations were made to compel him to stop his political activities and to support its party politically.

The BIA's finding that K.C. failed to carry his burden of showing that he was targeted by the Maoists because of his political beliefs is supported by substantial evidence. The IJ's finding that K.C.'s "behavior regarding his business indicates that extortion constituted the YCL's primary motive" is persuasive. K.C. admitted to hiring a new business manager in December 2006—before the threats and assaults against him—"because he knew that the YCL extorted other businessmen for money . . . ." Further, the events of his brief abduction suggest that that YCL would have left him alone were he to give his assailants the demanded money. To be sure, if YCL targeted NCP members for extortion because of their party affiliation, political opinion might then be "one central reason" for the persecution. But the evidence suggests that, much as in *Shaikh*, 588 F.3d at 863–64, the assailants extorted indiscriminately and irrespective of political opinion.

In short, K.C. did not present evidence compelling the conclusion that no reasonable factfinder could have disputed that his political beliefs were one central reason why the Maoists assaulted him and attempted to extort money.

Instead, the record reflects that K.C.'s political beliefs were incidental, tangential, or subordinate to the YCL's pecuniary objectives. *See Sharma*, 729 F.3d at 411; *Shaikh*, 588 F.3d at 864. For the same reasons, K.C. has not shown that he has a reasonable fear that he will be persecuted in the future on the basis of a protected ground. His failure to establish eligibility for asylum is also dispositive of his request for withholding of removal. *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

To prevail on his CAT claim, K.C. had the burden of showing "that it is more likely than not that he . . . would be tortured if removed to" Nepal. 8 C.F.R. § 1208.16(c)(2); *Mwembie v. Gonzales*, 443 F.3d 405, 415-16 (5th Cir. 2006); *see also* 8 C.F.R. § 1208.18(a)(1) (definition of "torture"). K.C. contends that the IJ improperly conflated his CAT claim with his contentions regarding past persecution in finding that the treatment he could expect on returning to Nepal did not constitute torture. Because the Maoists have been part of the government, K.C. also contends, the IJ erred in finding that the government did not acquiesce or participate in his mistreatment by the Maoists.

It was not improper for the IJ to consider past harms suffered by K.C. in determining whether he had carried his burden. *See* § 1208.16(c)(3)(i); *Singh v. Holder*, 699 F.3d 321, 334 (4th Cir. 2012); *Majd*, 446 F.3d at 597 (considering past harm in evaluating CAT claim). The IJ found that the Maoists are no longer part of the government and that the YCL is regarded as a militant organization that is not directly involved in the political decisionmaking of the CPN-M. Additionally, the IJ found that the assault and threats did not amount to "severe pain or suffering." We agree. K.C. has not shown that the record compels the conclusion that he is eligible for relief under the CAT.

The petition for review is DENIED.