# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60883

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2014

Lyle W. Cayce
Clerk

MIN KUMAR GURUNG,

                                    Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

                                    Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 254 577

Before STEWART, Chief Judge, and JONES and HIGGINSON, Circuit Judges.

PER CURIAM:*

Petitioner Min Kumar Gurung ("Gurung") petitions this court for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his petition for asylum under 8 U.S.C. § 1158(b)(1)(A) & (B)(i), withholding of removal under 8 U.S.C. § 1231(b)(3)(A),

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60883

and relief under the Convention Against Torture ("CAT").  For the following reasons, we DENY the petition.

In December 2010, Min Kumar Gurung, a native and citizen of Nepal, was admitted to the United States as a nonimmigrant with authorization to remain until March 28, 2011.  He overstayed his authorization and was served a Notice to Appear ("NTA") charging that he was subject to removal.

Gurung admitted the factual allegations in the NTA and conceded removability, but he filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  Gurung's claims were based on his testimony—which the IJ found credible—that he had been the victim of violence and extortion by Maoists in Nepal.

Gurung testified that after he had returned to Nepal from working in Malaysia, the Maoists began demanding money and political support.  He also testified that in January of 2006, he was beaten "a little bit" after rejecting demands for payment and his political support.  Beginning in February 2007, Gurung began working in Qatar, but his family continued to receive demands for money from the Maoists.  On September 10, 2010, Gurung visited his family in Nepal and received a letter from the Maoists demanding payment and political support.  On October 4, 2010, Gurung was kidnapped and beaten by Maoists for refusing their demands.  He left Nepal for Spain five days after his kidnappers left him on the side of a road.  Gurung asserts that the Maoists had been motivated by his involvement with the Nepali Congress ("NC"), a pro-democracy political party.

**STANDARD OF REVIEW**

This court only reviews the order of the BIA and will consider the underlying decision of the IJ only if it had some impact upon the BIA's decision. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).  The BIA's factual determination that an alien is ineligible for asylum is reviewed under the

substantial evidence standard. *Id.* Under that standard, this court will not reverse the BIA's decision unless the evidence not only supports a contrary conclusion, but compels it. *Majd v. Gonzales*, 446 F.3d 590, 594 (5th Cir. 2006). "The petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).

## DISCUSSION

Gurung has essentially waived all arguments on appeal by inadequately briefing his asylum claim and failing entirely to address the district court's rulings on relief under CAT and withholding of removal.[1]

The Federal Rules of Appellate Procedure require an appellant's brief to contain "argument, which must contain … appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). In this circuit, "[a] party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it." *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) (citation omitted).

In order to be eligible for asylum, Gurung must qualify as a refugee. *Sharma*, 729 F.3d at 411 (citing 8 U.S.C. § 1158(b)(1)(A), (B)(i)). An alien qualifies as a refugee if he (1) is outside of his country and is unable or unwilling to return to, or avail himself of the protection of, that country because of persecution or a well-founded fear of persecution and (2) demonstrates that his "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central

---

[1] By completely failing to address the CAT and withholding of removal issues, Gurung abandoned the issues on appeal. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

reason for the persecution." *Orellana-Monson*, 685 F.3d at 518 (citing 8 U.S.C. § 1158(b)(1)(B)) (emphasis omitted) (internal quotation marks omitted). In 2005, Congress added the "one central reason" language through the REAL ID Act to increase the nexus requirement. *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009).

It is arguable whether Gurung's brief even addressed the nexus requirement, an essential element of his asylum eligibility. The BIA denied asylum based, in part, on Gurung's failure to show he was persecuted on account of his political opinion. Gurung's brief makes only two arguments: (1) Gurung's experiences amount to persecution; and (2) a political group qualifies as a particular social group. The latter is another protected ground, parallel to "political opinion," and the former is only one element of asylum eligibility. In addition to showing that he fits within a protected ground and suffered harm rising to the level of persecution, Gurung must also establish that he has met the nexus requirement: that his protected ground was at least "one central reason" for his persecution. Gurung concludes Part I—the portion of the brief arguing that he suffered harms that met the definition of persecution— with a short discussion that could be read as a nexus argument. There is no indication to the reader that a new element is being discussed or any other explanation of the relationship between that information and the content that had preceded it. If that short discussion is not a nexus argument, then Gurung has waived the nexus issue by failing to brief it. *Yohey*, 985 F.2d at 224–25.

Even if Gurung's brief is construed as addressing nexus, the issue has still been inadequately briefed. Briefs must include an "argument, which must contain … appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Briefs are inadequate if they fail to cite any relevant case

law from this court and fail to apply the proper test for the disputed issue. *See e.g.*, *U.S. v. Skilling*, 554 F.3d 529, 568 n.63 (5th Cir. 2009). Gurung's brief neither cites nor applies the correct test for this issue. Since the passage of the REAL ID Act, 8 U.S.C. § 1158(b)(1)(B) has defined the nexus requirement in terms of the protected ground being at least "one central reason for persecuting the applicant." *Shaikh*, 588 F.3d at 864. As the only two cases cited by Gurung's brief were decided before the passage of the REAL ID Act, the brief fails to address the "central reason" standard. Moreover, the question whether a protected ground was at least one central reason for the persecution is highly factual. Gurung's brief fails to include a single record citation indicating there is a sufficient nexus between his political opinions and his persecution. Given these omissions, Gurung has inadequately briefed the "one central reason" issue.[2]

Even were we to overlook the deficiencies of his brief, Gurung's petition would still be denied on the merits. Under the substantial evidence standard, this court will only reverse a BIA ruling if the evidence not only supports a contrary conclusion, but compels it. The record in this case does not compel the conclusion that Gurung's persecution was on account of his political opinion. First, any harm suffered by Gurung for refusing to join the Maoists cannot support an asylum application. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 482, 112 S. Ct. 812, 816 (1992) (holding that forced recruitment by guerillas was not persecution based on victim's political beliefs). The only harms otherwise contained in the record are the Maoists' extortion attempts and the related violence, but the record does not compel a finding that Gurung's political opinions were one central reason for the Maoists' extortion.

---

[2] Underscoring the inadequacy of the briefing, Gurung chose not to submit a reply brief even after Respondent argued for waiver in its response brief.

## No. 13-60883

The record contained evidence that extortion was commonplace across the country and that the Maoists targeted civilians who had recently returned from work abroad. Further, the record showed that even though Gurung had been politically active for a number of years, he only began facing extortion attempts after he returned from working in Malaysia. Therefore, the record does not compel reversal of the BIA.

Accordingly, the petition for review of the Board of Immigration Appeals decision is **DENIED**.