# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60134
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2018

Lyle W. Cayce
Clerk

ANA PATRICIA PEREZ-DE YOS,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 771 136

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Ana Patricia Perez-De Yos, a native and citizen of Guatemala, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal of the Immigration Judge's (IJ) denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Perez-De Yos argues the BIA erred in concluding that she was ineligible for relief.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60134

Because the BIA agreed with the IJ's conclusions regarding Perez-De Yos's eligibility for relief, both the BIA's and IJ's decisions are reviewable. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Under the substantial evidence standard, we may not reverse the factual findings of the BIA unless the evidence compels it, *i.e.*, the evidence in support of asylum must be so compelling that no reasonable factfinder could conclude against it. *Id.* at 537.

Perez-De Yos asserts that the evidence supports that she was persecuted in, and likely would be persecuted if she returned to, Guatemala on account of her membership in a particular social group: married Guatemalan women who are left as head of households while their husbands are working in the United States. However, the evidence does not compel a finding that Perez-De Yos has been persecuted, or has a well-founded fear of future harm, because she belonged to a particular social group. *See Wang*, 569 F.3d at 537. Even assuming *arguendo* that her proposed group was cognizable as a "social group" for purposes of 8 U.S.C. § 1101(a)(42)(A), the record does not compel the conclusion that her membership in that group is a central reason why she was or would be targeted. *See Wang*, 569 F.3d at 537; *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009); 8 U.S.C. § 1158(b)(1)(B)(i). Rather, the record supports that the gangs and delinquents that targeted her in, and could target her if she returned to, Guatemala have a criminal motive and seek illicit financial gain. *See Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014). Accordingly, the BIA correctly found that Perez-De Yos was not entitled to asylum or withholding of removal. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006).

Similarly, for purposes of relief under the CAT, the evidence does not compel a finding that Perez-De Yos more likely than not would be tortured if she were returned to Guatemala. *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th

No. 17-60134

Cir. 2005).    In particular, Perez-De Yos has not established that the Guatemalan government would acquiesce in any torture.  *See Tamara-Gomez*, 447 F.3d at 350-51; 8 C.F.R. § 1208.18(a)(7).   Her belief that she would be tortured because she was injured by non-governmental assailants in 2010 and the Guatemalan police failed to investigate the incident does not compel a conclusion different from that reached by the BIA.  *See Wang*, 569 F.3d at 537.

The petition for review is DENIED.