# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 3, 2018

Lyle W. Cayce
Clerk

No. 17-60610
Summary Calendar

LESLY ROSIBEL MATAMOROS-SERRANO; ANTONY ALEXANDER MELENDEZ-MATAMOROS,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 083 155
BIA No. A202 083 156

Before JOLLY, OWEN, and COSTA, Circuit Judges.

PER CURIAM:[*]

Lesly Rosibel Matamoros-Serrano and her son, Antony Alexander Melendez-Matamoros, are natives and citizens of Honduras who entered the United States near Hidalgo, Texas, on or about August 21, 2014, without having been admitted or paroled.  They have filed a petition seeking review of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the order from the Board of Immigration Appeals (BIA) denying their applications for asylum and withholding of removal.

Lesly sought asylum and withholding of removal based on membership in a particular social group, specifically "Honduran mothers who flee Honduras because they do not want their children involved with gangs and their activities." She listed Antony as a derivative beneficiary of her asylum application. Antony also filed an individual asylum application. The factual predicate of his application was the same as the predicate of his mother's application.[1]

We have authority to review only the order of the BIA unless the underlying decision of the immigration judge (IJ) influenced the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). The BIA affirmed the findings and conclusions of the IJ. Accordingly, we review both decisions. *See id.*

We review an immigration court's findings of fact for substantial evidence. *Id.* Under this standard, an immigration court's factual findings will not be reversed unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 536-37. Among the findings of fact that we review for substantial evidence is the conclusion that an alien is not eligible for asylum or withholding of removal. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Even if we assume that Lesly's proposed social group is protected, Lesly has failed to demonstrate past persecution or a well-founded fear of future

---

[1] Because Antony could not logically be a member of Lesly's purported social group and because he does not assert any other social group in the petition for review, it is presumed that he is proceeding as a derivative beneficiary of Lesly's asylum application. Lesly's eligibility for asylum is, therefore, dispositive of Antony's claim. *See* 8 U.S.C. § 1158(b)(3)(A) ("A spouse or child . . . of an alien who is granted asylum under this subsection may . . . be granted the same status as the alien if accompanying . . . such alien"). Accordingly, this opinion addresses the merits of only Lesly's asylum application.

persecution based on her membership in that group. *See id.* Lesly testified that she had been robbed four times within a few months in Honduras; however, the anonymous criminals who robbed Lesly never indicated that she had been singled out because of her membership in a particular social group. Though Lesly suggests that the criminal activity she experienced in Honduras was in direct response to her denunciation of the gangs in her village and to her resistance to their efforts to recruit Antony, there is no evidence that the anonymous criminals were even affiliated with a gang. The robberies Lesly fell victim to in Honduras were motivated by nothing more than a desire for money, and we have held that criminal actions based on a desire for money do not amount to persecution based on a protected category. *See Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009).

Lesly relies on the prior criminal activity she experienced in Honduras to bolster her claim that she has a well-founded fear of future persecution. As just discussed, the criminal activity that she experienced at the hands of anonymous criminals, whom she could not identify as gang members, did not rise to the level of persecution. Moreover, as the IJ found, Lesly's fear of future harm was undermined by her admission that several of her family members had remained in Honduras without any particular difficulty with gangs.

For the foregoing reasons, the BIA's determination that Lesly was ineligible for asylum is supported by substantial record evidence. *See Zhang*, 432 F.3d at 344. Withholding of removal requires the alien to meet a higher standard than asylum. *Majd v. Gonzales,* 446 F.3d 590, 595 (5th Cir. 2006). Because substantial evidence supports the denial of Lesly's asylum claim, it follows that she is likewise ineligible for withholding of removal. *See id.* Antony, as a derivative beneficiary of his mother's asylum application, is likewise not entitled to asylum or withholding of removal. *See* § 1158(b)(3)(A).

The petition for review is DENIED.

3