# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2018

Lyle W. Cayce
Clerk

No. 17-60563
Summary Calendar

SIOLA DINORA QUINTEROS-HERNANDEZ; ALEXIS ANTONIO
HERRERA-QUINTEROS,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 680 451
BIA No. A208 680 452

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Soila Dinora Quinteros-Hernandez[1] and her minor son, Alexis Antonio
Herrera-Quinteros, natives and citizens of El Salvador, petition this court to
review the decision of the Board of Immigration Appeals (BIA) affirming the
order of the immigration judge (IJ) denying their request for asylum and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

[1] "Soila" is the correct spelling of Quinteros-Hernandez's first name. It is misspelled
in the case caption.

No. 17-60563

withholding of removal. Quinteros-Hernandez, as lead petitioner, challenges the BIA's decision that she and Herrera-Quinteros were ineligible for asylum or withholding of removal. She argues that she stated a viable claim for asylum and withholding of removal because "Family of Soila Quinteros-Hernandez, persecuted by a gang in El Salvador," constitutes a cognizable particular social group and because there was a nexus between this ground and her alleged past persecution and well-founded fear of future persecution.

Because the BIA approved of, and relied on, the IJ's findings, we may review the decisions of both the BIA and the IJ. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Additionally, we review for substantial evidence the determination that an alien is not eligible for relief. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under that standard, we may not reverse the factual findings of the BIA unless the evidence compels it, i.e., the evidence must be so compelling that no reasonable factfinder could conclude against it. *Wang*, 569 F.3d at 536-37.

The Attorney General has discretion to grant asylum to refugees. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 348 (5th Cir. 2006). Refugees are people who are unable or unwilling to return to their native countries because they have been persecuted or have a well-founded fear of future persecution and who demonstrate that "at least one central reason" for the persecution is a protected ground, such as membership in a particular social group. *Id.*; 8 U.S.C. § 1158(b)(1)(B)(i). "[A]lthough a statutorily protected ground need not be the only reason for harm, it cannot be "incidental, tangential, superficial, or subordinate to another reason for harm." *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009).

To obtain withholding of removal, an applicant must demonstrate that "it is more likely than not" that her life or freedom will be threatened in the

proposed country of removal because of a protected ground, which includes membership in a particular social group.  8 C.F.R. § 208.16(b); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).  "Withholding of removal is a higher standard than asylum." *Efe*, 293 F.3d at 906.  Despite Quinteros-Hernandez's argument that withholding of removal involves a more lenient standard for meeting the nexus requirement, this court has held that applicants for withholding of removal must similarly show that a protected ground, including membership in a particular social group, was or will be "at least one central reason for persecuting the applicant." *Revencu v. Sessions*, 895 F.3d 396, 402 (5th Cir. 2018) (internal quotation marks, citation, and emphasis removed).

Quinteros-Hernandez challenges the BIA's reliance on *Orellana-Monson v. Holder*, 685 F.3d 511 (5th Cir. 2012), arguing that *Orellana-Monson* was wrong to hold (to the extent that it did) that an alien cannot seek asylum or withholding of removal based on a fear of persecution on account of a familial relationship with a person who was targeted for reasons that were not protected by the Immigration and Nationality Act.  This court, of course, is bound by its own precedent unless and until that precedent is altered by a decision of the Supreme Court.  *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

The testimony of Quinteros-Hernandez asserts that gang members pressured Herrera-Quinteros to join them by threatening to kill his family.  There is no evidence in the record that family members who remained in El Salvador were threatened after Quinteros-Hernandez and her son left the country, nor is there any evidence that gang members threatened her or attempted to recruit her son due to their animosity toward her family.  Quinteros-Hernandez has not shown that her family membership was a central reason for the alleged persecution and was not subordinate or

No. 17-60563

tangential to the gang members' recruitment of Herrera-Quinteros. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015); *Shaikh*, 588 F.3d at 864.

In light of the foregoing, Quinteros-Hernandez has not demonstrated that the evidence compels a reversal of the BIA's denial of asylum and withholding of removal based on her failure to demonstrate that her family membership was a central reason for the alleged persecution. *See Revencu v. Sessions*, 895 F.3d at 402; *Wang*, 569 F.3d at 536-37; *Tamara-Gomez*, 447 F.3d at 348. Accordingly, the petition for review is DENIED.