# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60167
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2019

Lyle W. Cayce
Clerk

ZERAI HAGOS, also known as Zerai Welderufael Hagos,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 876 391

Before JOLLY, COSTA and HO, Circuit Judges.

PER CURIAM:*

Zerai Hagos, a native and citizen of Eritrea, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the order of the immigration judge (IJ) denying his applications for asylum and withholding of removal based on his political opinion. We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Questions of law

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60167

are reviewed de novo and findings of fact are reviewed for substantial evidence. *Id*. Under the substantial evidence standard, the alien must show that "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

To establish persecution on account of a political opinion, an alien "must show proof of a nexus between his political opinion and the persecution." *Sharma v. Holder*, 729 F.3d 407, 412 (5th Cir. 2013). "The relevant question is the motivation of the persecutor. The alien must demonstrate through some evidence, either direct or circumstantial, that the persecutors know of his (the alien's) political opinion and has or will likely persecute him *because* of it." *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 351 (5th Cir. 2002). Substantial evidence supports the BIA's conclusion that there was no nexus between Hagos's political opinion and his past and feared persecution. *See Sharma*, 729 F.3d at 412; *Shaikh*, 588 F.3d at 863. Because Hagos has not shown that he is entitled to asylum, he cannot establish that he meets the higher standard for withholding of removal. *See Majd v. Gonzales,* 446 F.3d 590, 595 (5th Cir. 2006).

Hagos failed to present his corroborating evidence claim to the BIA. Therefore, the claim is unexhausted, and we do not have jurisdiction to consider it. *See Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009). To the extent Hagos asserts that the BIA erred in determining that his corroborating evidence was not entitled to weight, his assertion is belied by the record. Because Hagos did not address the IJ's conclusion that he failed to submit adequate corroborating evidence, the BIA deemed the issue waived.

Accordingly, Hagos's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.