# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2019

Lyle W. Cayce
Clerk

No. 18-60367
Summary Calendar

GLENDA JOHANNA MENDEZ-GALDAMEZ; KILBER ALEXANDER HERNANDEZ-MENDEZ,

Petitioners

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 364 630
BIA No. A208 364 631

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Glenda Johanna Mendez-Galdamez, a native and citizen of Guatemala, and her 13-year-old son, Kilber Alexander Hernandez-Mendez (a derivative applicant), have petitioned for review of the decision of the Board of Immigration Appeals (BIA) that denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60367

(CAT).    In her application, Mendez-Galdamez asserted that she has a reasonable fear of persecution by a drug dealer based on her membership in a particular social group defined by her familial relationship with Kilber's father (Marlon Hernandez), who was murdered in Guatemala in 2012.

An alien seeking asylum must demonstrate past persecution or a well-founded fear of persecution because of one of five protected grounds, including membership in a particular social group.  8 U.S.C. §§ 1158(b)(1)(A), (B)(i), & 1101(a)(42)(A).  The alien must prove that the protected ground "was or will be at least *one central reason for persecuting* the applicant."  *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009) (internal quotation marks and citations omitted); *see also Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 349 (5th Cir. 2002) ("alien [is required] to prove some nexus between the persecution and the five protected grounds"); § 1158(b)(1)(B)(i).

In its decision, the BIA concluded that Mendez-Galdamez had not shown that she was eligible for asylum because she had not met her burden of establishing that she had suffered past persecution or that she has a well-founded fear of persecution on account of a protected ground.  The BIA's determination will be upheld "unless the evidence is so compelling that no reasonable factfinder could fail to find otherwise."  *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006).

The BIA determined that written threats received by Mendez-Galdamez did not amount to past persecution and that Mendez-Galdamez had not shown that the murders of Marlon and her sister-in-law (who was also murdered) were intended to harm her.  The record does not compel a contrary conclusion. *See Tesfamichael*, 469 F.3d at 113, 116-17; *see also Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004).  Nor does the record compel the conclusion that the threats were centrally motivated by Mendez-Galdamez's membership in

2

No. 18-60367

the Hernandez family instead of by a desire to compel her silence with regard to Marlon's murder.  *See Tesfamichael*, 469 F.3d at 113; § 1158(b)(1)(B)(i); *see also Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015).  Moreover, the record does not compel the conclusion that Guatemalan government officials were unable or unwilling to protect her.  *See Tesfamichael*, 469 F.3d at 113; *Shehu v. Gonzales*, 443 F.3d 435, 437 (5th Cir. 2006).

Because Mendez-Galdamez has not met her burden of showing that she is eligible for asylum, it follows that she cannot satisfy the more stringent standard for withholding of removal.  *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

In affirming the denial of relief under the CAT, the BIA noted that Mendez-Galdamez had not contended that she was or would be tortured by a public official or an individual acting in an official capacity and that Mendez-Galdamez was never physically harmed and did not report the threats she received to the authorities.  Mendez-Galdamez's conclusional assertions do not show that the record compels a different conclusion.  *See Ramirez-Mejia*, 794 F.3d at 493-94.  The petition for review is DENIED.