# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2020

No. 18-60772
Summary Calendar

Lyle W. Cayce
Clerk

OLIMPIA GARCIA MIRANDA, also known as Esmeralda Garcia Miranda,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Cons. w/No. 18-60774

LESLY EUGENIA BARRIOS-GARCIA,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Cons. w/No. 18-60775

JOSE CARLOS BARRIOS-GARCIA,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

No. 18-60772
c/w No. 18-60774
c/w No. 18-60775

—————————————

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A206 179 655
BIA No. A202 004 099
BIA No. A202 004 100

—————————————

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Olimpia Garcia Miranda and her two minor children, Lesly Eugenia Barrios-Garcia and Jose Carlos Barrios-Garcia, are natives and citizens of Guatemala.[1] They applied for, inter alia, protection under the Convention Against Torture (CAT) based on Garcia Miranda's fear of gang violence. The argument for relief is that unreported threats received from unidentified gangsters suffice to show entitlement to CAT relief in light of widespread violence in Guatemala. The Immigration Judge (IJ) denied their requests for relief, and the Board of Immigration Appeals (BIA) dismissed their appeal. Garcia Miranda timely petitioned for review in this court.

When presented with a petition for review, we examine the propriety of the BIA's decision and consider the IJ's decision only insofar as the latter influenced the former. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Because the BIA agreed with the IJ's conclusions, we review both decisions. *Id.*

—————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The children's claims are derivative of their mother's claim.

No. 18-60772
c/w No. 18-60774
c/w No. 18-60775

To receive CAT relief, one must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *see Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002). For these purposes, torture is defined as the intentional infliction of physical or mental suffering with the acquiescence of a public official. 8 C.F.R. § 1208.18(a)(1); *see Iruegas-Valdez v. Yates*, 846 F.3d 806, 812 (5th Cir. 2017).

The conclusion that an alien is ineligible for CAT relief is a factual finding reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). To meet this standard, the petitioner must show that the evidence is so compelling that a finding contrary to that of the BIA is demanded, not just supported. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012); *see* 8 U.S.C. § 1252(b)(4)(B). Garcia Miranda has not shown that officials acquiesced in the threats of which she complains. *See Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014). Accordingly, she has not shown that the evidence demands a conclusion contrary to that of the BIA on the issue whether she should receive CAT relief. *See Iruegas-Valdez*, 846 F.3d at 812; *Orellana-Monson*, 685 F.3d at 518. The petition for review is DENIED.