# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2021

Lyle W. Cayce
Clerk

No. 20-60183

Chun Yan Zheng,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 705 834

Before King, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:*

Chun Yan Zheng, a native and citizen of China, petitions this court for review of the denial by the Board of Immigration Appeals (BIA) of her application for asylum. She contends the BIA erred by dismissing her claim for asylum on the ground that she failed to submit reasonably available corroborating evidence. She also contends that the BIA erred in failing to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60183

remand her case to the immigration judge (IJ) for consideration of her parents' statement.  We deny the petition in part and dismiss it in part.

## I.

Zheng arrived in the United States on February 28, 2019, without admission or inspection.  On March 5, 2019, the Department of Homeland Security personally served Zheng with a notice to appear (NTA), charging her with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).  Proceeding pro se, Zheng admitted the allegations in the NTA and conceded removability but requested the opportunity to apply for asylum and related protection.

Through counsel, Zheng sought asylum, withholding of removal, and relief under the Convention Against Torture (CAT) based on religious persecution for joining and participating in an underground Christian family church.  Zheng supplemented her application with her own written statement, a detention warrant, a release certificate, a ¥5,000 fine receipt, a hospital illness certificate, her public security bureau summons, her divorce certificate, a mailing label from Fujian province, and the 2017 International Religious Freedom Report.

On June 17, 2019, an IJ held a hearing, at which Zheng was the only witness.  Zheng testified that she was introduced to Christianity by a friend and co-worker, Xiu Mei Chen.  She further testified that on September 9, 2018, she attended a church gathering at Chen's home where she converted to Christianity.  Zheng attended three more Christian home gatherings, on September 19, September 30, and October 14, 2018.  At the second gathering, Chen gifted Zheng a Bible.  During this time, Zheng and her eldest daughter were living with her parents.  Zheng's parents were aware that she attended these gatherings and watched her daughter during her church attendance.  Zheng's parents lived approximately 20 minutes by foot from Chen's home.

No. 20-60183

According to Zheng's testimony, at the fourth and final church gathering she attended, the police came to Chen's home, arrested the participants, and confiscated the participants' belongings—including Zheng's Bible. The police detained Zheng for one week. During her detention, the police grabbed her by the hair, slapped her, pushed her to the ground, and kicked her twice. As a result, she suffered bruising and swelling. On October 21, 2018, Zheng was released.[1] The police returned Zheng's belongings, except for the Bible, and instructed her to report to the police station once a week. Zheng's father picked her up from the police station.

Complying with the police's instruction, Zheng reported to the police station each week after her release. When Zheng reported to the station on November 18, 2018, she was slapped, kicked, and threatened with arrest if she was ever found to attend underground Christian activities again. Following this incident, Zheng said she hid at a friend's house until she fled China on February 14, 2019. Zheng testified that because she was in hiding, she did not know whether the police ever visited her parents' home following her failure to report.

On cross-examination, Zheng was asked why she did not provide a statement from her parents corroborating her attendance at the church gatherings, her arrest, the police's confiscation of her Bible, or her hiding from November 18, 2018, until her flight from China on February 14, 2019. Zheng initially explained that she did not provide a statement from her parents because they are illiterate. But Zheng later conceded that her parents could have gotten someone else to write a letter on their behalf. Zheng further testified that her parents in fact had someone write a letter on their

---

[1] Zheng testified that she was unaware whether any of the other participants were also released on this day. According to Zheng, she called Chen after she was released, but Chen did not answer her phone.

3

behalf, though they were unable to send it in time for her hearing, notwithstanding that they had timely sent Zheng other supporting documentation. Zheng also acknowledged that she did not provide a statement from her friend Chen corroborating her attendance at the gatherings and Chen's gifting of the Bible.

The IJ denied Zheng's claims for asylum, withholding of removal, and CAT relief. The IJ afforded "full evidentiary weight" to Zheng's testimony but found that she failed to meet her burden of proof due to her failure to proffer reasonably available corroborative evidence to support her claims. Namely, Zheng failed to provide evidence to support her assertions that she attended Christian gatherings, that she was arrested while attending such a gathering, about her detention and release from jail, and that she went into hiding for approximately four months before fleeing to the United States. The IJ found that Zheng's parents could have provided such corroboration in the form of a written statement. Moreover, the IJ stated it was "not clear" why Zheng's friend, Chen, could not have provided a written statement corroborating Zheng's testimony. Accordingly, despite finding Zheng's testimony credible, the IJ concluded that she failed to meet her burden of proof to establish eligibility for asylum, withholding of removal, or CAT relief.

Zheng appealed to the BIA, challenging the IJ's conclusion that she did not provide sufficient corroboration for her claims. In support of her appeal, she provided a translated written statement from her parents. Zheng asserted that the BIA should grant relief based upon her credible testimony, the evidence she provided in support of her application, and her newly provided corroborating evidence.

The BIA, however, agreed with the IJ that Zheng failed to provide reasonably available evidence to corroborate her claims. Specifically, the BIA

concluded that Zheng failed to offer supporting evidence from her parents and Chen as well as "sufficient evidence that Chinese authorities have looked for her since she left China . . . or that they have a current interest in her." While the BIA recognized that Zheng submitted a statement from her parents on appeal, it explained that its review was limited to the record before the IJ. Accordingly, the BIA affirmed the IJ's conclusion that Zheng failed to meet her burden of proof for asylum and, consequently, did not meet her burden of proof for withholding of removal. The BIA also held that Zheng "did not meaningfully address" the denial of her claim under the CAT. Zheng timely filed a petition for review, contending (1) that she submitted sufficient corroborating evidence for her asylum claim and (2) that the BIA erred in failing to remand the case to the IJ to consider her parents' statement.[2]

## II.

We review the BIA's conclusions of law de novo and its findings of fact for substantial evidence. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). On review, we consider only the BIA's opinion, "unless the IJ's decision has some impact on the BIA's decision." *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (citation omitted). Where, as here, the BIA adopts much of the IJ's reasoning, we also review the relevant portions of the IJ's decision. *See, e.g.*, *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

The BIA's determination that an alien is not entitled to asylum is a factual conclusion subject to the substantial evidence standard of review. *Zhang v. Gonzales*, 432 F.3d 339, 344–45 (5th Cir. 2005). "Under this standard, reversal is improper unless we decide 'not only that the evidence

---

[2] Because Zheng does not raise any issue regarding the denial of her withholding of removal or CAT claims, we do not further address them.

No. 20-60183

supports a contrary conclusion, but [also] that the evidence *compels* it.'" *Id.* at 344 (quoting *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005)). That is, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009); *see* 8 U.S.C. § 1252(b)(4)(B).

## III.

Zheng first contends that the BIA erred by dismissing her claim for asylum on the ground that she failed to submit reasonably available corroborating evidence. She asserts that because the IJ found her testimony to be credible, "[a] requirement that she submit additional corroborating evidence given the evidence already available in the record, and the reasonable explanation for its unavailability, is excessive and unjustified." Authority provides otherwise.

The Immigration and Nationality Act, via 8 U.S.C. § 1158(b)(1)(A), provides the Attorney General discretion to grant asylum to refugees. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 268–69 (5th Cir. 2021). A refugee, as defined by § 1101(a)(42)(A), is an alien who is "unable or unwilling to return to" her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Pursuant to § 1158(b)(1)(B)(i), the applicant bears the burden of proof for establishing that she is a refugee. And § 1158(b)(1)(B)(ii) provides instruction on determining whether the applicant has met this burden:

> In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. *Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided* unless

the applicant does not have the evidence and cannot reasonably
obtain the evidence.

(emphasis added). The plain text of the statute thus indicates that it is up to
the trier of fact, here the IJ, to determine when an applicant must provide
reasonably available corroborating evidence for otherwise credible testimony.

By the same token, this court has previously stated that "[r]egardless
of whether an alien's testimony is otherwise credible, the IJ may require the
submission of reasonably available evidence corroborating a claim for relief
from removal." *Avelar-Oliva v. Barr*, 954 F.3d 757, 764 (5th Cir. 2020).
"Our implicit approval of the 'requirement' that applicants for asylum
submit corroborating evidence further implies that we approve of rejecting
applicants for the sole reason that they do not meet this requirement." *Rui
Yang v. Holder*, 664 F.3d 580, 587 (5th Cir. 2011). This is exactly what
happened here.

The IJ required Zheng to provide eyewitness statements from her
parents and her friend, Chen, to corroborate key portions of her testimony in
support of her asylum claim, including that Zheng attended home church
gatherings, that Chen introduced her to Christianity and gifted her a Bible,
that Zheng's father picked her up when she was released from detention, and
that Zheng hid at a friend's house after she stopped reporting to police.
Zheng failed to meet the IJ's requirement for such evidence. Therefore, we
find no error in the BIA's affirmance of the IJ's conclusion that Zheng failed
to carry her burden of proof as to her asylum claim.

We likewise find that the record does not compel agreement with
Zheng's assertion that the corroborating evidence requested by the IJ was
unavailable. According to Zheng, she was unable to provide a statement from
her parents at the time of her hearing because they are illiterate; but Zheng
confirmed that her parents could have had someone transcribe a letter on

their behalf.  Zheng then asserted that her parents intended to provide a letter along with other supporting evidence they sent, but they forgot to do so.  She explained that her mother subsequently mailed the letter on June 5, 2019, but she had not yet received it at the time of the June 17 hearing.  However, as noted by the BIA, Zheng acknowledged that she received the other supporting evidence from her parents in a timely manner.  Finally, Zheng did not provide adequate explanation as to why either she or her parents could not obtain a statement from Chen.

## IV.

Lastly, Zheng contends that the BIA erred in failing to remand her case to the IJ for consideration of her parents' belated statement.  The Government responds that Zheng failed to make this request before the BIA, and thus it is not properly before this court.  We agree that Zheng has failed to exhaust this issue, and we therefore lack jurisdiction to consider it.  *See Vazquez v. Sessions*, 885 F.3d 862, 868 (5th Cir. 2018) ("[A] petitioner must have presented an issue in some concrete way in order to put the BIA on notice of his claim."); *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009) ("Petitioners fail to exhaust their administrative remedies as to an issue if they do not first raise the issue before the BIA, either on direct appeal or in a motion to reopen.").

\*        \*        \*

For the foregoing reasons, we DENY Zheng's petition as to her first issue.  We DISMISS her petition for lack of jurisdiction as to her second issue.

PETITION DENIED IN PART; DISMISSED IN PART.