# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-60229
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 27, 2023

Lyle W. Cayce
Clerk

Evelin Yolinda Suazo Soler,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 300 904

————————————————————

Before Barksdale, Graves, and Oldham, *Circuit Judges.*

Per Curiam:[*]

Evelin Yolinda Suazo Soler, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) upholding the denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In reviewing the BIA's decision, we consider the immigration judge's (IJ) decision only to the

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

extent it influenced the BIA.  *E.g.*, *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009).

Our court reviews the BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT relief under the substantial evidence standard.  *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  Under this standard, reversal is proper only if the evidence not only supports a contrary conclusion but compels it.  *E.g.*, *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).  Petitioner has the burden of showing "the evidence was so compelling that no reasonable factfinder could conclude against it".  *Vazquez-Guerra v. Garland*, 7 F.4th 265, 268 (5th Cir. 2021) (citation omitted).

To be eligible for asylum, an applicant must show, *inter alia*, "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant".  8 U.S.C. § 1158(b)(1)(B)(i); *accord Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).  (The protected ground of political opinion is not considered because Soler did not assert it before the IJ.  *E.g.*, *Santos-Alvarado v. Barr*, 967 F.3d 428, 440 n.13 (5th Cir. 2020) (upholding BIA's authority not to consider assertions not advanced before IJ).)

The protected ground for claiming asylum in this instance is particular-social-group membership. The evidence does not compel the conclusion that Soler's membership in the operative particular social group, "landowner", was a central reason for the harm she has or will experience from the alleged persecutor, Bandos Los Espinoza. The evidence shows instead Bandos Los Espinoza engaged in generalized criminal activity against the community at large to obtain money and valuables.  *See, e.g.*, *Vazquez-Guerra*, 7 F.4th at 270 ("Threats or attacks motivated by criminal intentions do not provide a basis for protection.").

Neither does the evidence compel reversal of the BIA's withholding-of-removal decision. "The standard for obtaining withholding of removal is even higher than the standard for asylum, requiring a showing that it is more likely than not that the alien's life or freedom would be threatened by persecution on one of the protected grounds." *Id.* at 271 (citation omitted); *see Efe v. Ashcroft*, 293 F.3d 899, 904 (5th Cir. 2002) (listing protected grounds as those in 8 U.S.C. § 1158(b)(1)(B)(i)). Because Soler fails to establish eligibility for asylum, she also fails to satisfy her burden for withholding of removal. *E.g.*, *Vazquez-Guerra*, 7 F.4th at 271 ("An applicant who fails to establish eligibility for asylum also fails to establish eligibility for withholding of removal.").

To obtain protection under the CAT, the applicant must demonstrate: it is more likely than not she will be tortured upon return to her homeland; and sufficient state action will be involved in the torture. *E.g.*, *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350–51 (5th Cir. 2006). Soler's testimony showed the Honduran government sent police forces to her municipality in an attempt to control Bandos Los Espinoza. She testified the government did not send enough police, and Bandos Los Espinoza killed at least six officers between 2012 and 2015. Given the Honduran government's efforts, the evidence does not compel the conclusion that any torture of Soler by Bandos Los Espinoza would involve the requisite state action or acquiescence. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 229 (5th Cir. 2019) ("[A] government's inability to protect its citizens does not amount to acquiescence." (citation omitted)).

DENIED.