# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2018

Lyle W. Cayce
Clerk

No. 18-60232
Summary Calendar

SANTOS SOCOP-MENDEZ, also known as Marcos H. Sapon-Ixchajchal,

Petitioner

v.

MATTHEW G. WHITAKER, ACTING U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 019 884

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Santos Socop-Mendez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Socop-Mendez claimed he was subjected to recruitment efforts and threats by cartels and gangs in Guatemala; that the cartels took his family's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

land; and that he feared being targeted by gangs and cartels on account of his Mayan Quiche ethnicity or his membership in the particular social group of Mayan Quiche individuals. As Socop-Mendez has abandoned any challenge to the BIA's determination that he waived his CAT claim on appeal, we will not review the denial of CAT protection. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Questions of law are reviewed de novo, and factual findings are reviewed for substantial evidence. *Id*. Under the substantial evidence standard, "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted). "The alien bears the burden of proving the requisite compelling nature of the evidence." *Majd v. Gonzalez*, 446 F.3d 590, 594 (5th Cir. 2006).

An alien seeking asylum must demonstrate past persecution or a well-founded fear of persecution because of one of five protected grounds, including race, nationality, and membership in a particular social group. 8 U.S.C. §§ 1158(b)(1)(A), (B)(i) and 1101(a)(42)(A). He must show that the protected ground "was or will be at least one central reason for persecuting" him. § 1158(b)(1)(B)(i).

The record does not support, much less compel, the conclusion that Socop-Mendez's Mayan Quiche ethnicity was or will be one "central reason" for any persecution or fear thereof. *See Shaikh*, 588 F.3d at 864; *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). Accordingly, Socop-Mendez has not demonstrated that the evidence compels a reversal of the BIA's dismissal of his

No. 18-60232

appeal from the IJ's denial of his requests for asylum and withholding of removal based on his failure to demonstrate that his Mayan Quiche ethnicity was a central reason for the alleged persecution. *See* § 1158(b)(1)(B)(i); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350 (5th Cir. 2006); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

The petition for review is DENIED.