# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 18-60250
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2018

Lyle W. Cayce
Clerk

————

SEYDI SUYAPA CHAVEZ-EUCEBA,

Petitioner

v.

MATTHEW G. WHITAKER, ACTING U. S. ATTORNEY GENERAL,

Respondent

————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 686 571

————

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Seydi Suyapa Chavez-Euceba, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of her appeal from the immigration judge's (IJ) decision denying her application for asylum and withholding of removal. Chavez contends she established past persecution and a well-founded fear of future persecution on account of her

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-60250

membership in a particular social group:  young Honduran females who flee their country because of recruitment by gangs.

Our court generally reviews only the BIA's decision, but "may review the IJ's findings and conclusions if the BIA adopts them".  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009) (citation omitted).  The BIA's factual findings are reviewed for "substantial evidence" and its legal conclusions are reviewed *de novo*,"unless a conclusion embodies the [BIA's] interpretation of an ambiguous provision of a statute that it administers; a conclusion of the latter type is entitled to the deference prescribed by [*Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984)]".  *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012) (first alteration in original) (citations omitted).  Such deference is required where, as here, the BIA has applied the social distinction and particularity test to determine a proposed group does not qualify as a "particular social group." *See id.* at 521.  Therefore, our court will defer to the BIA's conclusion unless it was arbitrary and capricious. *See id.*

To be eligible for asylum, Chavez must establish "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the persecution she suffered.  8 U.S.C. § 1158(b)(1)(B)(i); *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009).  A particular social group is "a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences".  *Orellana-Monson*, 685 F.3d at 518 (internal quotations omitted) (citation omitted).  Our court defers to the BIA's requirements that a particular social group have "social visibility", or social distinction, such that "members of a society perceive those with the characteristics in question as members of a

2

social group", and "particularity" such that the group "can be accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons". *Id.* at 519 (internal quotations omitted) (citations omitted).

Like the petitioner in *Orellana-Monson*, Chavez' purported group lacks particularity because it "encompasses a wide swath of society crossing many political orientations, lifestyles, and identifying factors". *Id.* at 522. Moreover, her purported group lacks social visibility because there is no evidence young Honduran females who flee their country because of recruitment by gangs would be perceived by society as a distinct group. *See id.* As such, the BIA's determination that Chavez' proposed social group does not qualify as a particular social group, because it lacked social distinction and particularity, is not arbitrary or capricious and is supported by substantial evidence. *See id.* at 521–22.

Therefore, the BIA did not err in denying Chavez' application for asylum. *See Shaikh*, 588 F.3d at 854. Moreover, because Chavez has not shown she is eligible for asylum, she cannot meet the higher standard for withholding for removal. *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

DENIED.