# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60566
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2019

Lyle W. Cayce
Clerk

SERGIU PARASCHIV, also known as Sergio Paraschiv,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 212 255

Before STEWART, Chief Judge, and OWEN and OLDHAM, Circuit Judges.
PER CURIAM:*

Sergiu Paraschiv petitions for review of an order of the Board of
Immigration Appeals (BIA) upholding an order of the Immigration Judge (IJ)
denying his application for withholding of removal and ordering him removed
to Moldova.  Now, he argues that he established past persecution and thus
showed his entitlement to withholding of removal.  He further contends that
the IJ erred by finding him not credible.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-60566

We review only the BIA's decision, "unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Because the BIA did not rely upon the IJ's credibility decision, there is no need for us to examine it. *See id.*

We review the factual determination that an alien is not eligible for withholding of removal under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, this court may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang*, 569 F.3d at 537; *see* 8 U.S.C. § 1252(b)(4)(B). It is the petitioner's burden to demonstrate that the evidence compels a contrary conclusion. *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

"[W]ithholding of removal is a mandatory form of relief if an alien's life or freedom would be threatened in the country of removal because" inter alia, of membership in a particular social group. *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). To secure withholding of removal, the alien must show "an objective 'clear probability'" that he will be persecuted in the country of removal. *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). Past persecution establishes a rebuttable presumption that the alien's life or freedom will be threatened if he is returned to the country of removal. *Zhu v. Gonzales*, 493 F.3d 588, 596 & n.35 (5th Cir. 2007).

Paraschiv has not met his burden. *See Wang*, 569 F.3d at 537; *Zhao*, 404 F.3d at 306. The record shows that he was once arrested, detained for less than one day, and beaten. We have concluded that the substantial evidence standard was not met when presented with similar scenarios. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 117 (5th Cir. 2006); *Eduard v. Ashcroft*, 379 F.3d 182, 187-88 (5th Cir. 2004); *Abdel-Masieh v. INS*, 73 F.3d

No. 18-60566

579, 583 (5th Cir. 1996).  We similarly conclude that the incident recounted by Paraschiv does not suffice to establish past persecution.  *See Tesfamichael*, 469 F.3d at 117; *Eduard*, 379 F.3d at 187-88; *Abdel-Masieh*, 73 F.3d at 583.  His petition for review is DENIED.