# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2019

Lyle W. Cayce
Clerk

No. 18-60741
Summary Calendar

MARY CRUZ SAGASTUME-ESPINAL; MOISES MEZA-SAGASTUME,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 420 224
BIA No. A206 420 225

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Mary Cruz Sagastume-Espinal and her minor son Moises Meza-Sagastume, natives and citizens of Honduras, petition for review of the order of the Board of Immigration Appeals (BIA) dismissing their appeal from the decision of the Immigration Judge (IJ) denying their applications for withholding of removal and relief under the Convention Against Torture

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(CAT). The petitioners contend that the BIA erred by concluding that Sagastume-Espinal was not entitled to withholding of removal because she failed to establish that she was a member of a cognizable particular social group comprised of "Honduran women who are afraid to leave their relationship."

We review questions of law de novo and factual findings for substantial evidence. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Under the substantial evidence standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009); *see* 8 U.S.C. § 1252(b)(4)(B). It is the petitioner's burden to demonstrate that the evidence compels a conclusion contrary to that reached by the BIA. *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

Substantial evidence supports the BIA's conclusion that Sagastume-Espinal did not establish that she was a member of a cognizable particular social group. *See Wang*, 569 F.3d at 537. The proposed group lacks the necessary particularity and social distinction. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518-19 (5th Cir. 2012). In particular, Sagastume-Espinal has not shown that the terms used to define the group provide a clear benchmark for determining who is within the group or that women who meet the criteria constitute a discrete social group. *See id*. at 521-22. Further, Sagastume-Espinal has not established that Honduran women afraid to leave their relationship constitutes a discernable group, is viewed as a distinct group in Honduras, or otherwise is perceived as significant in Honduran society. *See id*. at 522. Finally, the evidence does not compel the conclusion that she was unable to leave her domestic partner. *See Zhao*, 404 F.3d at 306. Accordingly,

No. 18-60741

Sagastume-Espinal has failed to establish her entitlement to withholding of removal. *See Shaikh*, 588 F.3d at 863-64.

The petitioners do not challenge the BIA's determination that they waived any challenge to the IJ's denial of their applications for relief under the CAT and Meza-Sagastume's application for withholding of removal. These issues are therefore abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The petition for review is DENIED.