# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60706
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2020

Lyle W. Cayce
Clerk

KEFALI TEAME BERHE,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A212 997 030

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Petitioner Kefali Teame Berhe, a native and citizen of Eritrea, petitions for review of an order of the Board of Immigration Appeals (BIA), dismissing his appeal from an order of an Immigration Judge that concluded he was ineligible for asylum or withholding of removal. Berhe contends that the BIA erred when it rejected his claim that he was entitled to asylum and withholding of removal because he was persecution for his political opinion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60706

We review the factual determination that an alien is not eligible for asylum or withholding of removal under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009); *see* 8 U.S.C. § 1252(b)(4)(B).

Berhe has not met this standard. The evidence supports the BIA's conclusion that the acts underlying his claims for relief were not undertaken with the goal of persecuting him for his political opinion but instead were to discipline him and maintain order. He has not shown that the evidence compels a conclusion contrary to that of the BIA on the issue whether he established that he was subject to persecution for his political opinion. He therefore has not shown error in connection with the rejection of his asylum claim. *See Wang*, 569 F.3d at 537; *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009); 8 U.S.C. § 1101(a)(42)(A). Berhe does not "meet the bar for asylum," so his withholding claim likewise fails. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). The petition for review is DENIED.