# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2020

Lyle W. Cayce
Clerk

No. 18-60883
Summary Calendar

GLADYS NOEMI GONZALEZ-BELTRAN; SALVADOR ISAIAS CRUZ-GONZALEZ,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 768 836
BIA No. A206 768 837

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Gladys Noemi Gonzalez-Beltran and her minor child, Salvador Isaias Cruz-Gonzalez, petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing the appeal from the decision of the Immigration Judge (IJ) denying the application for withholding of removal and protection

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the Convention Against Torture (CAT). The Government has filed a motion for summary disposition.

Gonzalez-Beltran argues that the BIA erred in finding that she failed to establish past persecution on account of a protected ground. She asserts that gang members persecuted her when they entered her home on two separate occasions, held her at gunpoint, hit her in the face and back, and demanded her house and money.

We review only the BIA's decision, "unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Factual findings are reviewed under the substantial evidence standard, and legal questions are reviewed de novo. *Rui Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011). Under the substantial evidence standard, the petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach" a conclusion contrary to the petitioner's position. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).

An applicant for withholding of removal "must demonstrate a clear probability of persecution upon return" to his native country. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (internal quotation marks and citation omitted). A clear probability of persecution means that it is "more likely than not" that his life or freedom would be threatened by persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 C.F.R. § 1208.16(b); 8 U.S.C. § 1231(b)(3)(A). A showing of past persecution gives rise to a rebuttable presumption that an applicant's life or freedom will be threatened in the future. § 1208.16(b)(1)(i). Contrary to Gonzalez-Beltran's argument, the applicant must demonstrate that a statutorily protected ground was or will be "at least one central reason" for the

alleged or feared persecution.  *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009) (internal quotation marks and citations omitted).

The evidence does not compel the conclusion that incidents suffered by Gonzalez-Beltran and her son rose to the level of persecution.  *See Cruz v. Barr*, 929 F.3d 304, 306 (5th Cir. 2019); *Orellana-Monson*, 685 F.3d at 518; *Eduard v. Ashcroft*, 379 F.3d 182, 187−88 (5th Cir. 2004).  Additionally, Gonzalez-Beltran's arguments are insufficient to compel a conclusion that she established the requisite nexus.  *See Martinez Manzanares v. Barr*, 925 F.3d 222, 227 (5th Cir. 2019); *Orellana-Monson*, 685 F.3d at 518.

Gonzalez-Beltran contends that she demonstrated membership in a particular social group and that the IJ erred in finding that the group was not cognizable.  Because the BIA did not rely upon the IJ's finding in this regard, there is no need for us to examine it.  *See Wang*, 569 F.3d at 536.

For the first time in her petition for review, Gonzalez-Beltran argues that the government was unwilling or unable to protect her from harm.  She also argues for the first time that the BIA erred in failing to analyze whether she had a well-founded fear of future persecution and that she made such a showing.  Because Gonzalez-Beltran did not present these arguments before the BIA, they are unexhausted, and we lack jurisdiction to consider them.  *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009).

Finally, Gonzalez-Beltran asserts that the BIA erred in affirming the IJ's denial of relief under the CAT because she established that it was more likely than not that she would be tortured upon her return to El Salvador.  She contends that although public officials are aware of the gangs' criminal activities, they do nothing to intervene or prevent such activities.  The BIA's determination that Gonzalez-Beltran and her son were not entitled to relief under the CAT is supported by substantial evidence, and the record does not

No. 18-60883

compel a contrary conclusion.  *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *Orellana-Monson*, 685 F.3d at 518; *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006).

Accordingly, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.   The Government's motion for summary disposition is DENIED.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).