# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2021

Lyle W. Cayce
Clerk

No. 20-60290
Summary Calendar

Sandra Cecilia Rodriguez-Granados,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 305 567

Before Jolly, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Sandra Cecilia Rodriguez-Granados petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of her appeal from the denial by the Immigration Judge (IJ) of her applications for asylum and withholding of removal. We review the decision of the BIA and will consider

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Questions of law are reviewed de novo and factual findings are reviewed for substantial evidence. *Id.* Under the substantial evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

Rodriguez-Granados fails to challenge the BIA's determination that the three proposed particular social groups she raised in the immigration courts were not cognizable. By failing to brief any challenge to the BIA's determination, she has abandoned it, *see Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003), and we thus deny the petition for review in part, *see Wang*, 569 F.3d at 537.

Instead, Rodriguez-Granados now contends that her membership in two entirely new proposed particular social groups warrants relief. But because "8 U.S.C. § 1252(d) requires that a petitioner exhaust all administrative remedies available as of right for this court to have jurisdiction over an issue, [the petitioner's] failure to raise these issues before the BIA jurisdictionally bars us from addressing them." *Omari v. Holder*, 562 F.3d 314, 317 (5th Cir. 2009). We likewise lack jurisdiction to address Rodriguez-Granados's argument, first raised in this court, that she was entitled to humanitarian asylum. *See id.* As to these issues, we therefore dismiss the petition in part for lack of jurisdiction.

DISMISSED in part for lack of jurisdiction; DENIED in part.