# United States Court of Appeals for the Fifth Circuit

No. 20-60444
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2021

Lyle W. Cayce
Clerk

Ana Cecilia Santos-Perez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 286 870

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Ana Cecilia Santos-Perez petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of her appeal from the denial of the Immigration Judge (IJ) of her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Questions of law are reviewed de novo and factual findings are reviewed for substantial evidence. *Id.* Under the substantial evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

Substantial evidence supports the BIA's dismissal of Santos-Perez's asylum and withholding of removal claims. *See id.* As to asylum, the BIA concluded that "siblings of former gang members" is not a cognizable social group. 8 U.S.C. § 1158(b)(1)(B)(i). The BIA has provided examples of evidence which could support this showing, including country condition reports, testimony from expert witnesses, and newspaper accounts. *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 244 (BIA 2014). Santos-Perez did not submit any such evidence before the IJ and makes no meaningful argument to the contrary here. As Santos-Perez failed to demonstrate entitlement to asylum, she has also failed to demonstrate entitlement to withholding of removal. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Finally, with respect to Santos-Perez's claim for protection under the CAT, examination of the record does not reveal any basis for concluding that the BIA's determination was not supported by substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Santos-Perez presented little, if any, evidence that she would be targeted for future torture "by or at the instigation of or with the consent or acquiescence of," 8 C.F.R. § 1208.18(a)(1), the Guatemalan government. To the contrary, the IJ found there to be evidence in the record that the Guatemalan government is attempting to combat, not encourage or ignore, gang violence, including but not limited to the arrest and conviction of Santos-Perez's own brother and the police's deployment of additional resources in her neighborhood after she

filed a police report. *See Chen v. Gonzales*, 470 F.3d 1131, 1142 (5th Cir. 2006) (stating that we may consider "government efforts to combat corruption or abuse").

The petition for review is DENIED.