# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2021

Lyle W. Cayce
Clerk

No. 20-60123

Sɪɴᴅʏ Vɪᴄᴛᴏʀɪᴀ Sᴀɴᴛᴏs-Pᴀʟᴀᴄɪᴏs;
Mᴇʟᴠɪɴ Yᴏsᴜᴇ Mᴀʟᴅᴏɴᴀᴅᴏ-Sᴀɴᴛᴏs,

*Petitioners*,

*versus*

Mᴇʀʀɪᴄᴋ Gᴀʀʟᴀɴᴅ, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 213 130 222
No. A 213 130 223

Before Sᴍɪᴛʜ, Sᴛᴇᴡᴀʀᴛ, and Wɪʟʟᴇᴛᴛ, *Circuit Judges*.

Pᴇʀ Cᴜʀɪᴀᴍ:*

Sindy Santos-Palacios and her minor son, natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from the denial of her application for

---

* Pursuant to 5ᴛʜ Cɪʀᴄᴜɪᴛ Rᴜʟᴇ 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀᴄᴜɪᴛ Rᴜʟᴇ 47.5.4.

No. 20-60123

(1) asylum; (2) withholding of removal; and (3) relief under the Convention Against Torture ("CAT"). We deny the petition.

I.

Santos-Palacios and her minor son entered the United States without being admitted or paroled. She conceded that she was removable but filed an application for asylum, withholding of removal, and protection under the CAT, listing her minor son as a beneficiary. She testified that she left Honduras to escape verbal and physical abuse at the hands of her former partner, Melvin Maldonado-Flores. She testified about escalating psychological, verbal, and physical abuse, including a 2016 choking incident. The abuse culminated in an assault in July 2017, when Maldonado-Flores dragged her from her brother's home, then smashed her head against the wall and beat her with his fists until she fell unconscious.

Santos-Palacios claimed that she called the police to report the abuse three or four times throughout her time living with Maldonado-Flores, but that they would either not respond or that Maldonado-Flores would leave before they arrived. She filed a police report after the July 2017 incident but fled Honduras within days of filing the report.

The immigration judge ("I.J.") denied Santos-Palacios's claims for asylum, withholding of removal, and relief under the CAT. The BIA upheld that decision, finding that the first two claims failed because her proposed social group subject to persecution was not cognizable and that her CAT claim was unsuccessful because she had not demonstrated that she would be tortured.

II.

We review the BIA's decision and consider the I.J.'s decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th

2

No. 20-60123

Cir. 2018). "We review factual findings for substantial evidence and may not reverse the BIA's factual findings unless the evidence compels it." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019) (internal quotation marks). We review the BIA's legal determinations *de novo*. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001) (per curiam).

### A.

"To qualify for asylum, an alien must show that he is unable or unwilling to return to and avail himself of the protection of his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Gonzales-Veliz*, 938 F.3d at 224 (cleaned up). Asylum claims based on membership in a particular social group turn in part on "(1) whether a group constitutes a cognizable particular social group; (2) whether there is a nexus between the harm and membership in the particular social group; and (3) whether the government is unable or unwilling to protect the alien." *Id.* at 228–29.

The BIA denied Santos-Palacios's asylum claim because her proposed particular social group—"Honduran women in domestic relationships who are unable to leave"—lacks particularity and is not considered a distinct social group in Honduras. To be cognizable, "a particular social group must: (1) consist of persons who share a common immutable characteristic; (2) be defined with particularity; and (3) be socially visible or distinct within the society in question." *Id.* at 229 (citing *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). A proposed social group cannot be defined in a circular manner and must exist independently of the alleged persecution. *Id.* at 232.

We recently held that the proposed particular social group "Honduran women unable to leave their relationship" is not cognizable because it is circular and lacks particularity. *Id.* Santos-Palacios's proposed particular

social group is indistinguishable. She contends that limiting her proposed group to women in "*domestic* relationships" instead of any "relationship" makes it sufficiently particular, but it does not. And even if it did, the group would still be defined by the persecution of its members and therefore would not be cognizable.

## B.

"To qualify for withholding of removal, the alien must make the same showing [needed to qualify for asylum] but must establish that persecution is more likely than not, which is a higher bar than the well-founded fear standard for asylum." *Id.* at 224 (internal quotation marks omitted). Because the standard for withholding of removal is higher than the standard for asylum claims, "[i]f an applicant does not carry his burden for asylum, he will not qualify for withholding of removal." *Id.* (internal quotation marks). Because Santos-Palacios had not satisfied her burden for asylum, her claim for withholding of removal also fails.

Relying on a Ninth Circuit case,[1] Santos-Palacios contends that, though the burden of proof for showing the probability of persecution is higher for withholding-of-removal claims, the burden for meeting the "nexus" element is not. This reasoning is erroneous for two reasons. First, we have already held that "the same standard for establishing sufficient nexus applies to applications for asylum and applications for mandatory withholding of removal."[2] Second, even assuming the standards were different, it would not help Santos-Palacios. She loses on her asylum claim because her

---

[1] *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

[2] *Cortez-Ramirez v. Garland*, No. 19-60553, 2021 WL 2303048, at *4 (5th Cir. June 4, 2021) (per curiam) (citing *Shaikh v. Holder*, 588 F.3d 861, 864 (2009) (unpublished)).

No. 20-60123

proposed particular social group is not cognizable, not because there was no nexus between that proposed group and her alleged harm. Therefore, even if the burden were to be lower for the nexus element, her withholding-of-removal claim still necessarily falls with her asylum claim.

## C.

To establish entitlement to CAT relief, an alien must prove that it is more likely than not that he will be tortured with the consent or acquiescence of public officials if he returns to the particular country in question. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The BIA denied Santos-Palacios's claim because (1) her abuse at the hands of Maldonado-Flores did not constitute torture; (2) there was insufficient evidence he would torture her in the future; and (3) there was insufficient evidence the Honduran government would acquiesce to future torture. All three of those conclusions are factual findings reviewed for substantial evidence, meaning they can be overturned only if the record compels a contrary result. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020).

The petition for review is DENIED.