# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2022

Lyle W. Cayce
Clerk

No. 20-60563
Summary Calendar

---

Miguel Garcia Garcia, *also known as* Miguel Garcia, *also known as* Miguel Garcia-Garcia,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 290 743

---

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Miguel Garcia Garcia, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' (BIA) dismissing his appeal of an

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60563

Immigration Judge's (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

In reviewing the BIA's decision, our court considers the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). "Questions of law are reviewed *de novo*"; factual findings, for substantial evidence. *Id.* Under substantial-evidence review, "reversal is improper unless . . . the evidence [not only] supports a contrary conclusion, but also . . . *compels* it". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (emphasis in original) (quotation omitted).

As for his asylum claim, Garcia cannot demonstrate he is unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group [(PSG)], or political opinion".    8 U.S.C. § 1101(a)(42)(A) (defining refugee); 8 U.S.C. § 1158(b)(1) (listing conditions for granting asylum).  A PSG must: "consist of persons who share a common immutable characteristic"; "be defined with particularity"; "and . . . be socially visible or distinct within the society in question". *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019) (citation omitted).  Substantial evidence supports the BIA's decision that Garcia's proffered PSG of "former Mexican soccer referees" is not legally cognizable because it lacks immutability. *See Mwembie v. Gonzales*, 443 F.3d 405, 414–15 (5th Cir. 2006) (rejecting employment-based social group—"government employees"—as PSG).  Because Garcia fails to demonstrate his membership in a cognizable PSG, as required for asylum, he fails to satisfy the more stringent standard for withholding of removal. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) ("Because the level of proof required to establish eligibility for withholding of removal is higher than that required for asylum, failure to establish eligibility for asylum is dispositive of claims for withholding of removal.").

No. 20-60563

Substantial evidence also supports the BIA's conclusion Garcia failed to establish eligibility for CAT protection. To obtain CAT relief, "applicant must show that it is more likely than not that he would be tortured if returned to his home country". *Zhang v. Gonzales*, 432 F.3d 339, 344–45 (5th Cir. 2005) (quotation omitted). Torture is defined as the intentional infliction of "severe pain or suffering . . . for such purposes as . . . intimidating or coercing him . . . or for any reason based on discrimination of any kind", where "such pain or suffering is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity". 8 C.F.R. § 1208.18(a)(1) (defining terms for implementation of the CAT). As the BIA noted, "neither the failure to apprehend the persons threatening the alien, nor the lack of financial resources to eradicate the threat or risk of torture" satisfy the CAT's state-action requirement. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006) (denying relief).

DENIED.