# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2022

Lyle W. Cayce
Clerk

No. 18-60738
Summary Calendar

Juana Del Transito Valdez-De Martinez; Diego Enrique Martinez-Valdez; Erika Maria Martinez-Valdez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 900 335
No. A208 900 336
No. A208 899 547

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Juana Del Transito Valdez-De Martinez, a native and citizen of El Salvador, on behalf of herself and her two minor children, petitions this court

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for asylum and withholding of removal. She argues that the immigration judge (IJ) and the BIA erred by concluding that she failed to demonstrate a nexus between her particular social group (PSG) and the harm she suffered. She further argues that the BIA failed to consider new evidence that, if considered, would have warranted granting her relief from removal. Because Valdez-De Martinez has not briefed any challenge to the denial of her application for relief under the Convention Against Torture, she has abandoned the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

There is no merit to Valdez-De Martinez's complaint that, due to interpreter error, the IJ did not consider the police report made by her husband. This evidence was contained in the record, and the pertinent information was not in dispute.

To the extent that the evidence could be construed as a motion for remand, the BIA denied the motion. This court reviews the BIA's denial of a request for a remand "under a highly deferential abuse-of-discretion standard." *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014) (internal quotation marks and citation omitted). The BIA relied on its own rules and a determination that, in light of the record, Valdez-De Martinez's proffered evidence did not warrant remand. This ruling was not an abuse of discretion. *See id.*

On review of an order of the BIA, this court examines "the BIA's decision and only consider[s] the IJ's decision to the extent that it influenced the BIA." *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Because the BIA agreed with the IJ's analysis and conclusions, this court reviews both decisions. *Shaikh*, 588 F.3d at 863.

No. 18-60738

The Secretary of Homeland Security and the Attorney General have the discretion to grant asylum to refugees. 8 U.S.C. § 1158(b)(1). The applicant seeking asylum is required to prove some nexus between the persecution and one of five protected grounds, § 1158(b)(1)(B)(i); in other words, the applicant must prove that a protected ground "was or will be at least one central reason" for the persecution, § 1158(b)(1)(B)(i); *see Shaikh*, 588 F.3d at 864.

This court reviews the agency's factual findings under the substantial evidence standard. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). To prevail under that standard, the petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* at 518 (internal quotation marks and citation omitted).

Here, the IJ and BIA concluded that the gang targeted Valdez-De Martinez and her family because her husband was a police officer, and the gang wanted to continue its criminal activities without disruption. This conclusion is supported by the record. Thus, substantial evidence supports the determination that Valdez-De Martinez failed to satisfy the nexus requirement for her asylum claim. *See Orellana-Monson*, 685 F.3d at 517-18. Because Valdez-De Martinez cannot meet the standard for asylum, she "is necessarily also unable to establish an entitlement to withholding of removal." *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012) (internal quotation marks and citation omitted).

Accordingly, the petition for review is DENIED.