# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2022

Lyle W. Cayce
Clerk

No. 20-60754
Summary Calendar

Nelson Contreras Martinez, *also known as* Nelson Contreras,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 470 794

Before King, Costa, and Ho, *Circuit Judges.*

Per Curiam:[*]

Nelson Contreras Martinez petitions for review of the Board of Immigration Appeals's decision denying him withholding of removal. For the following reasons, the petition is denied.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60754

## I.

Nelson Contreras Martinez is a Honduran male who was a junior gang associate of the 18th Street gang until 2005. That year, Contreras Martinez left the gang because he gave details regarding the gang's activities to the local police and the gang demanded that he harm his father in order to become a full-fledged member. Thereafter, he fled Honduras and came to the United States. In 2012, immigration officers detained Contreras Martinez after he was convicted of assault. The Department of Homeland Security filed a Notice to Appear with the Immigration Court, and during those proceedings, Contreras Martinez conceded removability but sought withholding of removal.

Contreras Martinez claimed he was entitled to withholding of removal because he would be a victim of persecution in Honduras due to his membership in a particular social group—Hondurans who refused to follow gang-initiation orders. He further sought protection under the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") denied his requests. The IJ found that Contreras Martinez did not successfully allege membership in a particular social group and, even if he did, he failed to show that his fear of future persecution had a nexus to that social group. The IJ further found Contreras Martinez could not show that he would be subjected to torture sanctioned by a public official, and thus, could not obtain CAT relief. The Board of Immigration Appeals ("BIA") adopted the IJ's decision and dismissed the appeal, finding a lack of nexus between Contreras Martinez's fears and former gang membership. Contreras Martinez now petitions for review.

## II.

"When . . . the BIA affirms the immigration judge and relies on the reasons set forth in the immigration judge's decision, this court reviews the

No. 20-60754

decision of the immigration judge as well as the decision of the BIA." *Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006). Questions of law are reviewed *de novo*; but factual findings are reviewed for substantial evidence. *Gjetani v. Barr*, 968 F.3d 393, 396 (5th Cir. 2020). Substantial evidence review "requires only that the [BIA's] conclusion be based upon the evidence presented and that it be substantially reasonable." *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996) (quoting *Wilson v. INS*, 43 F.3d 211, 213 (5th Cir. 1995)). Thus, reversal is proper only if the petitioner shows "that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992)).

## III.

To be eligible for withholding of removal, the petitioner must show that his "life or freedom would be threatened in the country of removal because of [his] . . . membership in a particular social group." *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). Despite Contreras Martinez's arguments to the contrary, we have held that membership in a social group must be "at least *one central reason*" for the petitioner's persecution. *Id.* (quoting 8 U.S.C. § 1158(b)(1)(A)). This means the social group cannot be "incidental, tangential, superficial, or subordinate to another reason for harm." *Id.* (quoting *Matter of J-B-N & S-M-*, 24 I. & N. Dec. 208, 212 (BIA 2007)). When it is found that a petitioner's persecution is due to a personal vendetta against the petitioner rather than due to the petitioner's membership in a social group, there is no nexus connecting the membership to the persecution, and the petitioner fails to qualify for withholding of removal. *Martinez Manzanares v. Barr*, 925 F.3d 222, 227-28 (5th Cir. 2019).

The BIA and IJ found that Contreras Martinez's fear of persecution was not due to his being a Honduran who refused gang-initiation orders, but

No. 20-60754

rather was due to the gang's criminal self-interests in protecting its operations from Contreras Martinez after he reported gang activities to the police and protected his father, who worked as a security guard. The BIA's conclusion is supported by the evidentiary record, which may be read to show Contreras Martinez's fear was based on his own actions rather than mere membership in a group. Thus, the BIA's conclusion was substantially reasonable.

The BIA also did not err when it denied CAT relief to Contreras Martinez. To obtain CAT relief, the record must support that a petitioner would have been tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Here, substantial evidence supports the BIA's conclusion that the petitioner was unlikely to experience torture sanctioned by the Honduran government, given that the petitioner admitted to having no particular fear of any Honduran official or entity. *Martinez Manzanares*, 925 F.3d at 228-29 (finding substantial evidence supported rejection of CAT petition when petitioner could not show prior torture by government officials).

## IV.

For the foregoing reasons, the petition for review is DENIED.