# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2022

Lyle W. Cayce
Clerk

No. 21-60891
Summary Calendar

———

Amira Roxanna Aguilar-Manzanares; Jafet Andres
Carcamo-Aguilar,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 733 118
Agency No. A206 733 119

———

Before Stewart, Duncan and Wilson, *Circuit Judges*.

Per Curiam:*

Amira Roxana Aguilar-Manzanares and her minor son Jafet Andres Carcamo-Aguilar are natives and citizens of Honduras. They petition for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60891

review of a decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of their request for asylum and withholding of removal.[1]

We review only the final decision of the BIA unless the underlying decision of the IJ influenced the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Here, the BIA affirmed the findings and conclusions of the IJ. Therefore, we review both decisions. *See id.*

The BIA's factual findings are reviewed for substantial evidence, and this court will not disturb such findings unless the evidence compels a contrary conclusion. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). "The petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* at 518 (internal quotation marks and citation omitted). We review the BIA's legal conclusions de novo. *Id.* at 517.

Aguilar-Manzanares maintains that her proposed particular social group (PSG) of "Honduran women who fear violence and delinquency in their home country" is a valid PSG. She also contends that she has established a nexus between the harm she suffered and feared in Honduras and her membership in a PSG.

Though this court has acknowledged that victims of domestic violence, like Aguilar-Manzanares, are not categorically precluded from membership in a PSG, the proposed social group must be sufficiently particularized and socially distinct without reference to the persecution itself.

---

[1] Because Aguilar-Manzanares is the lead petitioner and her son's claims for immigration relief are derivative of her claim or are dependent on the same facts and circumstances of her case, we hereafter refer only to Aguilar-Manzanares unless otherwise specified.

No. 21-60891

*See Jaco v. Garland*, 24 F.4th 395, 407 (5th Cir. 2021). As the IJ observed, Aguilar-Manzanares's proposed social group is impermissibly defined in a circular manner by the harm she suffered and feared. Thus, the BIA did not err in affirming the IJ's finding that Aguilar-Manzanares's proposed social group was not cognizable. *See id.* at 405–07 & n.4 (holding that the PSG "Honduran women who are unable to leave their domestic relationships" lacks particularity and social distinction and is inherently circular); *see also Gonzales-Veliz v. Barr*, 938 F.3d 219, 232 (5th Cir. 2019) (rejecting the PSG "Honduran women unable to leave their relationship" for the same reasons).

Likewise, the BIA did not err in affirming the IJ's finding that Aguilar-Manzanares had not established a nexus between the harm she suffered and feared and her membership in a PSG. Though Aguilar-Manzanares credibly testified about the domestic violence she suffered in Honduras, the BIA reasonably found that she had failed to demonstrate that the harm she experienced was inflicted based on a protected ground. *See Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009).

Finally, Aguilar-Manzanares asserts a specious argument that the BIA erred in applying *Matter of A-B-*, 27 I. & N. Dec. 316, 316 (U.S. Att'y Gen. 2018), retroactively to her case and, in the alternative, that her case was distinguishable from the facts of that decision. The BIA expressly noted in its decision that *Matter of A-B-* had been vacated after the IJ issued its decision. It also confirmed that it had not relied on the Attorney General's vacated decision in deciding Aguilar-Manzanares's appeal. Accordingly, Aguilar-Manzanares's claim regarding the BIA's reliance on *Matter of A-B-* is meritless.

PETITION DENIED.