# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-60126
Summary Calendar

---

Luz Marina Garcia-Romero,

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2023

Lyle W. Cayce
Clerk

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 710 266

---

Before Higginbotham, Graves, and Ho, *Circuit Judges.*

Per Curiam:[*]

Luz Marina Garcia-Romero, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA), dismissing her appeal and affirming the immigration judge's (IJ's) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60126

On review of an order of the BIA, this court examines "the BIA's decision and only consider[s] the IJ's decision to the extent that it influenced the BIA." *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Because the BIA agreed with the IJ's analysis and conclusions, we review both decisions. *See id.*

This court reviews the BIA's factual findings for substantial evidence, and it will not reverse such findings unless the petitioner shows that "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 536-37 (quote at 537) (5th Cir. 2009). Among the findings that this court reviews for substantial evidence is the factual conclusion that an alien is not eligible for asylum, withholding of removal, or CAT protection. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Garcia-Romero contends that the factors of *Matter of N-M-*, 25 I. & N. Dec. 526, 532-34 (BIA 2011), support the finding that she established the requisite nexus between the persecution she experienced or fears in Honduras and her political opinion, but this is simply an argument that the BIA should have weighed the evidence differently, which is insufficient to reverse the BIA's decision. As this court has explained, "the possibility of drawing two inconsistent conclusions from the evidence does not preclude an administrative agency's finding from being supported by substantial evidence." *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (internal quotation marks, brackets, and citation omitted).

Here, substantial evidence supports the BIA's findings that Garcia-Romero failed to show that her abusive father was motivated by or even aware of her feminist political opinion or that he attributed such an opinion to her. *See Wang*, 569 F.3d at 536. The BIA reasonably found that Garcia-Romero's father abused her and her siblings "for personal reasons peculiar to himself

2

No. 22-60126

and the family," namely that he was a violent person who was obsessed with Garcia-Romero's mother and wanted to make her suffer. *See id*. at 537. This court has upheld the denial of asylum where the applicant demonstrated "purely personal" motives. *Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004). Thus, the BIA did not err in rejecting Garcia-Romero's challenge to the determination that she was not entitled to asylum or withholding of removal for failure to show the required nexus between the alleged persecution and a protected ground. *See Zhang*, 432 F.3d at 344; *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2004).

Garcia-Romero next argues that the BIA erred in finding that she did not have a well-founded fear of future persecution because she could reasonably relocate within Honduras to avoid harm. *See Eduard v. Ashcroft*, 379 F.3d 182, 194 (5th Cir. 2004). Though she acknowledges that she was able to live with her mother's family in another town unharmed for several months, she argues that the IJ failed to consider her testimony that she left Honduras because she feared that she would not be able to continue to live there safely after hearing rumors that her father was looking for her.

Contrary to Garcia-Romero's argument, however, the record confirms that the IJ considered this testimony. The BIA also expressly addressed this testimony in affirming the IJ's findings related to internal relocation. Accordingly, the record does not compel the reversal of the BIA's determination that Garcia-Romero had failed to show that it would be unreasonable for her to relocate within Honduras to avoid her father's abuse. *See Wang*, 569 F.3d at 536-37; *Eduard*, 379 F.3d at 194.

Finally, Garcia-Romero argues that the BIA erred in adopting the IJ's denial of CAT protection. According to Garcia-Romero, her credible testimony about the abuse she experienced in Honduras, along with the country conditions evidence showing widespread corruption within law

enforcement and societal violence against women in Honduras, establishes a clear probability that she would be tortured if removed to Honduras.

To receive protection under the CAT, an alien must establish that it is more likely than not that she would be tortured if removed to her home country by or with the acquiescence of government officials acting under the color of law. *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010). As this court has explained, "a government's inability to protect its citizens does not amount to acquiescence." *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019); *see Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006) (agreeing with other circuits that "neither the failure to apprehend the persons threatening the alien, nor the lack of financial resources to eradicate the threat or risk of torture constitute sufficient state action for purposes" of the CAT). Accordingly, the BIA reasonably found that Garcia-Romero was not entitled to CAT protection because she had failed to show that the Honduran government would consent or acquiesce to her torture. *See Wang*, 569 F.3d at 537.

The petition for review is DENIED.